## Rau's Estate.

*Wills—Construction — Life estates — Vested and contingent remainders.*

1. It is a general rule in the construction of wills that an interest is to be construed contingent only when it is impossible to construe it as vested.

2. Where a testator creates a particular estate, and then goes on to dispose of the ulterior interests, expressly in an event which shall determine the prior estate, the words descriptive of such an event occurring in the latter devise will be construed as referring merely to the period of the determination of the possession or enjoyment under the prior gift, and not as designed to postpone the vesting.

3. The law seeks always to avert a construction of a will which would result in a whole or partial intestacy.

4. A testator bequeathed a share of his estate in trust for the use of a daughter for her life "and from and immediately after the decease of my said daughter......then in trust to grant and convey, assign, transfer and set over the principal......unto all and every child and children of my said daughter......and the legal issue of any of them deceased leaving issue......in equal parts and shares." The daughter had a child living at the time of the testator's death, who subsequently died in his minority during the lifetime of the daughter, unmarried, and without issue. *Held,* that the child of such daughter took a vested interest in his share of the residuary estate, to which his mother, the life tenant, succeeded, under the intestate laws.

Rosengarten v. Ashton, 228 Pa. 389, distinguished.

Argued Jan. 6, 1916. Appeal, No. 237, Jan. T., 1915, by Northern Trust Company, Executor of Elizabeth Rau, Deceased, from decree of O. C. Philadelphia Co., April T., 1899, No. 278, dismissing exceptions to adjudication, in Estate of Conrad F. Rau, Deceased. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Reversed.

Exceptions to adjudication. Before GUMMEY, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions in an opinion by LAMORELLE, J. The Northern Trust Company, Executor of the Estate of Elizabeth Rau, Deceased, appealed.

*Errors assigned* were in dismissing the exceptions.

*Francis Chapman,* of *Chapman & Chapman,* with him *William Henry Snyder* and *Robert W. Kincade,* for appellant.

*John G. Johnson,* with him *Maurice Bower Saul,* for appellees.

*C. W. Vanartsdalen* and *W. H. Ramsey,* filed a paper book for Conrad F. Rau, appellee.

OPINION BY MR. JUSTICE STEWART, July 1, 1916:

That portion of the will of Henry Rau, deceased that gives rise to the present controversy has respect to a one-eighth share in his estate, which he disposes of as follows:

"And the remaining equal one-eighth part of my residuary estate, I direct shall be held and retained by said trustees who shall invest and reinvest the same in good interest bearing securities, and collect and receive the interest and income thereof, and when and as received to pay the same to my said daughter Elizabeth Rau, or to such person or persons as she may appoint from time to time to receive the same by any revocable instrument under her hands, and not by way of anticipation, for and during her natural life. Such payments to be made notwithstanding my said daughter may be under coverture and in case of such coverture for her separate use; and to be made in such way and manner as that said income shall not be liable for the debts, contracts or engagements of my said daughter Elizabeth, or the debts, contracts or engagements of any husband she may take; and from and immediately after the decease of my said daughter Elizabeth, then In Trust, to grant and convey, assign, transfer and set over the principal of said remaining one equal eighth part of my residuary estate unto all and every the child and children of my said daughter Elizabeth and the legal issue of any of them deceased leaving issue, their respective heirs, executors, administrators and assigns in equal parts and shares. The issue of any such deceased child or children to take and receive such part and share only as its deceased parent would have had and taken if then living. The shares of such children or issue that may be minors to be held and retained by said trustees who shall pay and apply their several shares of said interest and income toward

their support and maintenance during their respective minority."

The question for determination arises in the distribution of testator's estate. The appeal is from a decree awarding the fund—something in excess of $30,000—to the next of kin of the testator. The ground on which the court rests its decree is, that intestacy resulted with respect to so much of the estate as was given to the daughter Elizabeth and then over to her children upon her death, inasmuch as the gift over was contingent upon child or children, or issue of a deceased child surviving her; and that this condition having failed of fulfillment, with no one qualified to take when the prior estate determined, the gift over lapsed. The contention on part of appellants is, that under above recited provision in the will, William H. Rau, a son and only child born to Elizabeth but who died in his minority, during the lifetime of his mother, unmarried and leaving no issue, took, not a contingent but vested interest in the remainder, transmissible, and which upon his death passed by inheritance to his mother and upon her death passed to her legatees, she having died testate.

We cannot agree that the construction placed on this bequest by the court below is correct. It finds little or no support in the language of the will that we can discover, while, on the other hand, if it does not wholly disregard settled rules of construction, it allows a single circumstance to which it gives mistaken import to overcome the effect of these established canons. Because the will provides that upon determination of the prior estate the residuary estate is to go to the children of the said Elizabeth and the lawful issue of any then deceased leaving issue—the issue of any such deceased child to take and receive such part or share only as its deceased parent would have taken if then living—the auditing judge reached the conclusion that the vesting of the remainder was postponed until the determination of the prior estate; that until then those to take could not be

determined, and the legacy was therefore contingent. He does not say that the language employed by the testator reveals a purpose to suspend or postpone the vesting of the legacy, and that to give effect to this purpose the legacy must be held contingent, or whether the contingency he affirms results by virtue of some subordinate rule of construction which qualifies in some way the general rule that an interest is to be construed contingent only when it is impossible to construe it as vested. If the former, the only, but quite sufficient, answer must be that it is just as reasonable—to our mind it is much more so—to infer from the language used that its only purpose was to indicate the period when the legatees were to come into possession and enjoyment of the legacy; if the latter, then the existence of any such rule may be freely challenged. The general rule governing in such cases as this is thus stated by Mr. Jarman on his Treatise on Wills, Ch. XXV, p. 773, 6 Amer. Ed.

"Where a testator creates a particular estate, and then goes on to dispose of the ulterior interest, expressly in an event which will determine the prior estate, the words descriptive of such an event occurring in the latter devise will be construed as referring merely to the period of the determination of the possession or enjoyment under the prior gift, and not as designed to postpone the vesting."

This rule is of universal application, and in no jurisdiction has it been applied more frequently than in our own: Womrath v. McCormick, 51 Pa. 504. Considering that the effect of disregarding it in any case is to make a legacy contingent, when the whole policy of the law inclines to the vesting of legacies, and allows that policy to yield only when a contrary purpose is clearly expressed in the instrument, it is apparent that the court allowed the words of futurity here used by the testator a significance to which they are not entitled, and, in view of the general rule here quoted, misapplied them as well. A second reason assigned by the court for holding the

legacy contingent is, that the will contains no direct gift to the children of the daughter Elizabeth upon the determination of the particular estate, but that such gift can arise only by implication from the direction of the trustees, upon the death of the said Elizabeth to convey, assign, transfer and set over to her children the principal of said remaining one equal eighth part of the residuary estate; this conclusion being reached because of supposed analogy to the case of Rosengarten v. Ashton, 228 Pa. 389. We quite agree that the case referred to is conclusive of this present controversy except as it can be distinguished on its facts. That a marked distinction exists we think is clear. The will there under consideration gave the estate to trustees for the benefit of testator's children for life, with the direction upon the death of the last child "to pay over and distribute" the estate to all testator's grandchildren and the issue of such as may be dead, such issue to take the share only the parent would have taken if living at the time of distribution; and it was held that the interest of a grandchild who died before the period of distribution was contingent. As clearly appears in the opinion in the case, delivered by Mr. Justice BROWN, now the chief justice of the court, this conclusion was based on the fact that there the testator by his will made no direct or express gift to his grandchildren. The opinion thus proceeds (p. 394):

"Whatever interest a grandchild takes in the corpus of the grandfather's estate passes under this clause which simply directs distribution. No gift of an interest in an estate to a grandchild is to be found in any other clause of the will, and the gift is implied only from the direction to divide. This must be conceded, and the well known rule in such a case is that, as the direction to pay or divide constitutes the bequest, the vesting of the interest itself is postponed, and not merely the possession or enjoyment of it."

In support of the rule here applied, what is said by

GIBSON, C. J., in Moore v. Smith, 9 Watts, 403, 407, is quoted in the opinion, as follows:

"The ruling principle of a case like this is, that where there is no separate and antecedent gift which is independent of direction and time of payment, the legacy is contingent; and it seems to be as well founded in reason as rules of interpretation usually are. Where a gift is only implied from a direction to pay, it is necessarily inseparable from the direction, and must partake of its quality, in so much that if the one is future and contingent so must the other be."

Can it be said of the will we are here considering that no gift of an interest in the estate to the children of Elizabeth to whom is given the prior estate, is to be found in any other clause of the will than that directing distribution, and that the gift over can be implied only from the direction to divide? Let the testator speak for himself; for it is not a question of what import the law attaches to a direction to pay and distribute, unexplained, —about which there can be no dispute,—but what the understanding of the testator was when he employed such language. It is the intention of the testator that governs, and if it clearly appear that he intended more than by strict construction under any general rule would be allowed, the direction is to be given the effect he intended. By the next succeeding item in the will the testator proceeds to charge the several shares of the estate given to the daughters, Sarah Bergstrasser and Elizabeth Rau for life and then over, and he uses this language.

"I also direct that the one equal eighth part of my residuary estate given in trust for my daughter Sarah Bergstrasser and her children shall be charged with the payment of $2,600. And the one-eighth share of my residuary estate given in trust for my daughter, Elizabeth Rau, and her children, shall be charged with payment of $1,350; moneys advanced by me to my said two daughters respectively. Said two sums to be considered as

part of my residuary estate and shall be deducted from said shares respectively in the final distribution of my residuary estate with interest thereon at the rate of five per cent. per annum from the date of my decease. And I do hereby declare that any further advances made by me to either of my eight children or to any of their children shall be considered as part of my residuary estate and shall be charged to the respective share of each child with interest as aforesaid in the final distribution of my residuary estate. Advances made to any of my grandchildren to be charged to the share of their parents respectively with interest as aforesaid in said distribution."

Could the testator in any more direct and explicit way have expressed his understanding of what is meant by the words "grant, convey, assign, transfer and set over the principal of said remaining one equal eighth part of my residuary estate unto all and every child and the children of my said daughter Elizabeth and their lawful issue?" Can there be any doubt that to him they meant a direct and absolute gift? In this clause of the will testator speaks of these several shares as having been given to these daughters and their children respectively. How given? Necessarily by the direction to the trustee, upon determination of the prior estate, to grant, convey, assign, set over and transfer the residuary to the children indicated; for there is nothing else in the will to which they could refer. That the gift, or the words that establish the gift, follow the direction to pay is of no consequence. "It is immaterial whether the gift precedes or follows the direction to pay." 1 Jarman on Wills, 811 (6 Am. Ed.). The distinction we have suggested between the present and the case of Rosengarten v. Ashton, supra, marks a difference which renders the latter wholly inapplicable here. The direction to grant and convey in this case was necessary only to make that a legal estate which under the will, and prior to the conveyance, was an equitable estate.

We have then in this case a direct gift over to the children of Elizabeth, with nothing in the entire will to qualify it, but much on the other hand to require it to be held absolute and vested, in order that the clear intention of the testator may be made effective. The rule in such case is thus stated in Minnig v. Batdorff, 5 Pa. 503, 504.

"Looking to the almost unbroken current of decisions, commencing with Boraston's Case, 3 Coke's Rep. 16, which settles the rule of construction that must govern here, it was hardly to be expected we would be called on at this late day, to reaffirm principles that have long ago passed into rules of property. One of these, clearly deducible from all the cases, is stated by Mr. Powell in his admirable Treatise on Devises, Vol. II, page 214, to be that when land is given to one person for life, or for any other estate upon which a remainder may be dependent, and after the determination of that estate it is devised over, whether to persons nominatim, or to a class of persons, it will vest in the objects to whom the description applies at the death of the testator. But in devises to children, where the question has been most frequently agitated—at what period are the objects who are to take to be ascertained? The rule is different. Where there is an immediate gift to children those only living at the testator's death will take; but it is now settled that where a particular estate or interest is carved out, with a gift over to the children of the person taking that interest, or of any other person, the limitation will embrace not only the objects living at the death of the testator, but all who shall subsequently come into existence before the period of distribution. Such a remainder vests in the object to whom the description applies at the death of the testator, subject to open and let in others answering the description as they are born successively. As to the latter, the remainder is contingent until they are in esse, but then it immediately vests, and from thenceforth is attended by all the properties incidental in vested estates." There has been no instance of departure from

the rule as above stated. It is needless to multiply authorities.

It results from what we have said that William H. Rau answering the description of those who were to take the gift over, on the determination of the prior estate, being a child of testator's daughter, in being when the will was made and surviving the testator, took a vested interest in the residuary estate immediately upon the death of the testator, to which upon his dying intestate, unmarried and leaving no issue, his mother the life tenant succeeded.

What we have said up to this time has been in reply to the suggestions advanced in support of the court's decree. There is another aspect of the case presenting conditions and circumstances which to our mind show conclusively that the testator intended here a vested remainder. First, there is the fact that he distinguishes in this regard between his two daughters. In the gift to Mrs. Bergstrasser and her children the gift over on the determination of the prior estate, is to "all and every child and children of my said daughter Sarah who shall then be living, and the lawful issue of any then deceased leaving issue." The contingency of the gift over is apparent, showing conclusively that when the testator desired such result he could choose apt words to express his purpose. Next follows the gift to his daughter Elizabeth and her children, showing just as conclusively that when testator wanted to make the gift absolute he knew how to do it. Here the gift over is to the children of Elizabeth and the issue of such as may be dead at the period of distribution. In the one case we have apt words to indicate a contingent gift; in the other apt words to indicate an absolute gift. The only answer made to this is, that through inadvertence the words of contingency which appear in the former bequest were omitted from the latter, and we are asked to reform the will accordingly.

The next is the fact, that were the gift to Elizabeth

and her children to be held contingent, intestacy would result as to this very considerable part of testator's estate; certainly a consequence which the testator could not have contemplated and which the law seeks always to avert.

The decree is reversed, and the record is remitted that distribution may be made in accordance with the views here expressed.