## Eichelberger's Estate.

*Wills—Real estate—Direction to sell—Election to take real estate—Partition.*

1. Where a will directs real estate to be sold and the proceeds divided among certain persons, ordinarily they may elect to take the property as realty, and, on proceedings in partition, acquiesced in by all of them, it must be presumed they have so elected.

*Wills—Gift of income—Corpus—Remainder.*

2. In order that a gift of the income of a property shall operate as a gift of the corpus also, it must appear not only that there is no gift in remainder, but that all the income is given and not merely a portion of it.

*Wills—Vested and contingent estates—"Surviving"—Relation to death of testator.*

3. If a real doubt exists as to the proper construction of a will, then the general rule of law applies, the estate will be deemed vested rather than contingent, and the word "surviving" will be held to relate to the death of the testator and not to that of the intervening life tenant.

*Wills—Remainder—Vested and contingent estates—Intention.*

4. On a gift for life with remainder over, the courts will hold the remainderman takes a vested estate, unless it plainly, manifestly and indisputably appears that testator intended to make his right contingent on his surviving the life tenant.

5. On a gift for life with remainder to a party or his heirs, the fact that the party died before the life tenant, and without leaving descendants, will not deprive his personal representatives or heirs of the right to take the gift.

Argued May 12, 1922. Appeals, Nos. 395 and 396, by Emma W. Noss and Clayton E. Spangler, from decree of O. C. York Co., dismissing exceptions to auditor's report in Estate of Kate A. Eichelberger, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Exceptions to second and final report of Harvey A. Gross, Esq., auditor. Before WANNER, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Emma W. Noss and Clayton E. Spangler appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Frederick B. Gerber,* with him *W. F. Bay Stewart,* for appellant, cited: McCormick v. McElligott, 127 Pa. 230; Schnebly's Est., 249 Pa. 211; Fetrow's Est., 259 Pa. 89; Woelpper's App., 126 Pa. 562.

*John A. Hoober,* for appellee, cited: Fetrow's Est., 259 Pa. 89; Black v. Woods, 213 Pa. 583; Shallcross's Est., 200 Pa. 122; Groninger's Est., 268 Pa. 184; Morris's Est., 270 Pa. 120.

OPINION BY MR. JUSTICE SIMPSON, June 24, 1922:

Testatrix's will gave to her brother, William K. Eichelberger, a life estate in and full charge of her realty, he also to receive from the proceeds of it, when sold, "whatever money I may be owing" to him, and then provided in regard to the estate in remainder as follows:

"Thirteenth: I direct after my brother's death that out of the income of my real estate, after paying the expenses of keeping the properties in good repair and paying

taxes and insurance, $150 be paid annually to my niece, Jennie E. Smyser, and the balance shall be divided into three equal parts; one part to be paid to my sister, Mrs. Maria E. Spangler, or in case of her death, to her surviving *children;* one part to my sister, Mrs. Alice I. Wiest; and the third part to my sister Mrs. Jane E. Smyser's *children,* to be equally divided between them or their *children.*

"Fourteenth: If at any time after the death of my brother, William K. Eichelberger, the legatees herein named shall agree to sell said real estate, they may do so, and in that case I direct that of the proceeds

"Fourteenth No. 2: '$3,000 to be placed in trust for the use of my niece, Jennie E. Smyser, the income thereof to be paid to her annually......Upon the death of the said Jennie E. Smyser the principal sum shall be paid to her *children,* if she leaves any surviving her; in case she dies without *issue,* one-half of the said $3,000 shall be paid to my sister, Mrs. Maria E. Spangler, or her surviving *children,* and the other half, $1,500.00, shall be divided equally between the brothers of said Jennie E. Smyser, or their surviving *heirs;* the balance of the proceeds of said real estate, over and above the $3,000 aforesaid, shall be divided in three equal parts; one such part to be paid to my sister, Mrs. Maria E. Spangler, or her surviving *children;* one part to be divided equally between my niece and nephews [naming them] or their surviving *children,* and a third of the three equal parts aforesaid shall be placed in trust for the use of my sister, Mrs. Alice I. Wiest, the income thereof to be paid to her annually during her life and upon her death one-half of the principal sum shall be paid to my sister, Mrs. Maria E. Spangler, or her surviving *children,* and the other half shall be paid to the surviving children of my sister, Mrs. Jane E. Smyser, or their *heirs.*"

The only share with which we are concerned on this appeal, is that given to "Mrs. Maria E. Spangler or her surviving children"; the relevant facts regarding it being

as follows: At the time of testatrix's death Mrs. Spangler was still living; she died July 2, 1906, leaving to survive her her daughter Emma W. Noss and her sons Clayton and George; the first two are the appellants. George died July 11, 1914, and by his will gave the whole of his estate to his wife, Emma C. Wrinkle, and named her as executrix; she is the appellee. On February 16, 1920, testatrix's brother, William K. Eichelberger, died. Thereafter certain of the real estate was sold under proceedings in partition instituted by appellants and others; on distribution of the fund realized, the court below awarded to each of the two appellants and to appellee, a one-third interest in the share which would have been given to Mrs. Maria E. Spangler had she been then living. This appeal followed; appellants contending that only such of the children of Mrs. Spangler as survived William K. Eichelberger, the life tenant, was entitled to participate in the distribution, and, therefore, appellee was excluded and they should have been awarded the whole of this share.

In their brief this contention is based solely upon the claim that since no sale was agreed upon, under the authority set forth in the 14th paragraph of the will, the dependent paragraph, 14th No. 2, has no applicability, and distribution should have been made under the 13th paragraph. This latter paragraph only purports to dispose of the income of the real estate, but appellants claim the corpus also passes thereunder since it is not otherwise disposed of by the will. Two objections stand out prominently against this contention: (1) paragraph 14 does not say the parties in interest must agree to sell the property, but "may" do so; hence they had the right to elect to take it as real estate (Stewart's Est., 253 Pa. 277, 281) and they must be treated as having done this, since they proceeded to have it divided or disposed of in these partition proceedings, which of course, would not have been permissible if it had not been real estate; and (2) under Deniston v. Deniston, 263 Pa. 224, 229, title did

not pass to the corpus, though there was no gift in remainder, because only a portion of the income was given, namely, the net amount "after paying expenses of keeping the properties in good repair, paying taxes and insurance [and] $150......annually to my niece, Jennie E. Smyser."

Paragraph 13th not availing to pass the remainder estate there must have been an intestacy in regard thereto, because the parties did not agree to a sale as provided by paragraph 14th, in which event appellee would have been entitled to a share as devisee of her husband, who survived his mother and inherited from her; or, as the court below held, paragraph 14th No. 2, was applicable, although the sale was by virtue of an order of court instead of by agreement, and this properly resulted in the same conclusion, as we will now show.

Taking the three paragraphs together, as the court below properly did, and quoting only so much of their language as relates to the share under consideration, we find the will may be epitomized as follows: I direct that "my brother William K. Eichelberger, shall get the income of all my real estate during his lifetime......[after his death, the distributees named shall get it, but the property may be sold] and in that case I direct......[$3000 shall be set apart for a specific purpose, and the balance] shall be divided in three equal parts; one such part to be paid to my sister Mrs. Maria E. Spangler, or her surviving children." Though it is frequently, perhaps generally, held otherwise (40 Cyc. 1518), speaking for myself only, I would decide, in accordance with the statement in the syllabus of Bender v. Bender, 226 Pa. 607, (where also there was a life estate, followed by a gift over), that under "a devise [in remainder] by a father to his son, naming him, 'or his children'......the son takes a fee if he survives the testator." The opinion does not bear out this conclusion, however, for it is stated therein that the son survived the life tenant as well as testator, and hence, in any event, took a fee. This point

was not argued in the present case, however, and for that reason is not decided; we therefore turn to a consideration of the will in its entirety, in the light of the circumstances surrounding the testatrix at the time it was executed, to see whether or not it permits appellee to share in the distribution.

Thus viewed, it is clear that William K. Eichelberger, the life tenant, was the primary object of testatrix's bounty, and after him her three sisters,—the four of them being her nearest relatives. With the exception of certain personal property and other realty,—all of which is specifically given for other purposes,—testatrix had only the real estate, the subject of this partition. It is a large piece of improved property, incapable of being separated into parts and allotted to her sisters, and hence had to be sold and the individual shares "paid" to the parties interested. She, therefore provided for the distribution of the income according to the plan specified in paragraph 13th, and for a sale of the property and division of its proceeds as specified in paragraph 14th No. 2. The distributions of income and principal are substantially the same; the shares of Mrs. Smyser and Mrs. Wiest in the latter being held in trust, however, because testatrix did not wish them to have any part of the corpus.

No such provision is made regarding Mrs. Spangler's share; on the contrary, the whole scheme of the will in relation thereto makes apparent that when she gave it to "Mrs. Maria E. Spangler or her surviving children," she had in mind the children who survived Mrs. Spangler herself and not those who survived the life tenant. This is made reasonably clear when the language regarding the income and that respecting the principal are considered together. One-third of the income is given to "Mrs. Maria E. Spangler, or, in case of her death, to her surviving children." It would hardly be contended that if one of her children died after the life tenant, but before the property was sold,—a contingency contemplated by paragraph 13th,—that the deceased child's estate

would not share in any distribution of the accruing income. Yet this would result from giving a normal meaning to the language used in regard to it; hence it should be construed to mean: Mrs. Maria E. Spangler, or in case of her death, the children who survived her. It cannot reasonably be said that the words used should be interpreted "Mrs. Maria E. Spangler, or, in case of her death [before the life tenant, the income collected after his death shall be paid] to her surviving children [i. e., those who survived the life tenant]." This is too much of an ellipsis to be supplied (certainly for one in the situation and station in life of this testatrix), and hence the clause must be construed either as above stated, or to refer to the status existing at the date of each actual distribution, and for this no one contends.

It is also clear (in view of the fact, already noted, that with certain exceptions not relating to this share, those who received the income are entitled to the principal in like proportions) that the words "in case of her death" are omitted in the gift of the principal only because it was not necessary to repeat them, and hence the gifts of income and of principal mean exactly the same thing, viz: after Mrs. Spangler's death, those of her children who survived her were intended to be benefited, whether or not she died before or after the life tenant.

Moreover, appellants admit that if a real doubt exists as to the proper construction of the will, then the general rule of law applies, the estate will be deemed vested, and the word "surviving" will be applied as of the date of testatrix's death and not of that of the life tenant. Our cases are unanimous on the point, though the usual differences of opinion appear regarding the applicability of the rule to the facts of the particular case: see Johnson v. Morton, 10 Pa. 245; Ross v. Drake, 37 Pa. 373; Fetrow's App., 259 Pa. 89; Groninger's Est., 268 Pa. 184; Morris's Est., 270 Pa. 120. The principle is thus expressed in 40 Cyc. 1674: "Where a devise in remainder is to survivors or contains words of survivorship, the

question whether the remainder is vested or contingent depends primarily upon the time to which the words of survivorship refer, which may be the death of the testator, or the death of the tenant of the particular estate, or some other point of time, according to the apparent intention of the testator, but under the rule favoring the early vesting of remainders the question of survivorship will in cases of doubt be construed as referring to the death of the testator. According as this question may be determined by a proper construction of the entire will, the remainder may be vested or may be contingent."

Viewing the present contention from this standpoint, it will be noticed that if the will is read with especial reference to the words italicized in the quotation at the beginning of this opinion, grave doubts arise whether testatrix did not use "issue," "children," and "heirs" interchangeably, in which event, if "children" meant the same as "heirs," the interest of each child, who survived his mother, would be vested thereafter, and his decease before the life tenant, would not deprive his personal representatives of the right to take under the substitutional clause: Patterson v. Hawthorn, 12 S. & R. 112; Buckley v. Reed, 15 Pa. 83; McGill's App., 61 Pa. 46; Provenchere's App., 67 Pa. 463, 469. So also no reason appears from the will, or from anything suggested by appellants, why a grandchild of Mrs. Spangler should have been disinherited merely because his parent died before the life tenant,—a circumstance of some weight in determining the probable meaning of testatrix: Groninger's Est., 268 Pa. 184, 189. True, as it happened, George died without leaving any descendants, but, under appellants' contention, if he had left them, they would have been excluded because they were not "surviving children" of Mrs. Spangler. It is thus made apparent that an intention to make the substitutional gift contingent upon surviving the life tenant, does not so "plainly, manifestly and indisputably" appear (Mc-

Cauley's Estate, 257 Pa. 377, 380-1; Groninger's Est., 268 Pa. 184, 189) as to compel us to so decide.

The decree of the court below is affirmed and the appeals are dismissed at the costs of the respective appellants.