## Evans's Estate.

*Wills—Construction—Conditions not to be implied—Words creating vested or contingent remainders.*

Under a gift to A and in case of her death without leaving children to her "brothers then living and to the lawful issue of such of them as may then be deceased," the child of a deceased brother takes a vested interest, as the condition that a brother must be living at the death of the life tenant is not to be implied with respect to the gift to issue of deceased brothers.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1886, No. 598.

The facts and provisions of the will appear from the opinion of the court *in banc.* The reasoning of the Auditing Judge, LAMORELLE, P. J., appears from the following extract from the adjudication:

"The Auditing Judge is asked to award the balance shown by the account, less the deductions mentioned in the agreement aforesaid, to Helen Evans Curtis, surviving grandchild. This he declines to do, in that he is of the opinion that one-half thereof is payable to the personal representatives of William Henry Evans. It is to be noted that the *corpus* of the residuary estate is limited 'to brother or brothers then living and the lawful issue of such of them as may then be deceased, their heirs and assigns, the child or children of a deceased brother shall however only take the share which his, her or their parent would have taken if living.' It is significant that the testator added the words 'then living' after the words 'brother or brothers' and omitted them after the words 'lawful issue.' With respect to brothers, survivorship was made part of the description of the beneficiary; as to the grandchildren of testator, it was omitted; and as the will, judging from its language, was apparently drawn by a professional scrivener, the omission of the words 'then living' after the words 'lawful issue' seems to have been intentional. In the circumstances, these words cannot be implied. In this connection, it is also to be noted that the limitation of one-half of the *corpus*, in the event that either one of the *cestuis que trust* left issue, is not to the child or children then living, but merely to her 'child or children.' The Auditing Judge is, therefore, of opinion that William Henry Evans, at the time of the death of testator, had a vested right to participate in distribution in the event that both of the *cestuis que trust* died without issue, and that right did not terminate with his death, but passed to his personal representatives."

*Thomas Biddle Ellis* and *Charles J. Sharkey*, for exceptants.

VAN DUSEN, J., Dec. 12, 1924.—Testator gave a certain portion of his estate in trust for two daughters for life, and after the death of both of them without issue, referring to the survivor, he provided: "But in case she should die without leaving any child or children, then I give, devise and bequeath the part last aforesaid to her brother or brothers then living and the lawful issue of such of them as may then be deceased, their heirs and assigns, the child or children of a deceased brother shall, however, only take the share which his, her or their parent would have taken if living."

Three sons survived the testator, but all of them died before the life-tenants without issue. The life-tenants also died without issue. Testator also left to survive him two children of a deceased son, one of whom, William Henry Evans, died before the life-tenants without issue. The auditing judge awarded one-half of the remainder to the personal representatives of William Henry Evans, being of the opinion that the condition expressly annexed to the gift to the first takers (that they should be living at the time of distribution) was not impliedly annexed to the gifts which were substituted in case of their

Evans's Estate.

deaths. In this he is supported by many cases, of which Carstensen's Estate, 196 Pa. 325, and McCauley's Estate, 257 Pa. 377, are noteworthy examples containing full discussions. See, also, Bair's Estate, 255 Pa. 169; Jennings's Estate, 266 Pa. 60. This conclusion carries out the sound principle that conditions are not to be implied, but must be express.

The exceptants refer to Rosengarten v. Ashton, 228 Pa. 389, as a case in which an opposite conclusion was reached. But that decision was expressly rested upon the fact that the provision for the substituted class was contained only in the words "pay over and distribute" and not in words of direct gift, such as we have in the present case, to wit, "give, devise and bequeath." As is further explained in Rau's Estate, 254 Pa. 464, ". . . the well known rule in such a case is that, as the direction to pay or divide constitutes the bequest, the vesting of the interest itself is postponed, and not merely the possession and enjoyment of it." Support is found for this in prior authorities which are cited and in the later cases of Evans's Estate (No. 1), 264 Pa. 357, and Hildebrant's Estate, 268 Pa. 132. In other cases, for various reasons, the direction to pay and divide is considered not to annex the time to the bequest: Groninger's Estate, 268 Pa. 184, and cases there cited.

The exceptions are dismissed and the adjudication is confirmed absolutely.