Hirst's Estate.

*H. E. Heine* and *J. S. Shepard*, for petition; *Daniel C. Donoghue*, contra.

ALESSANDRONI, J., May 2, 1930.—Anthony A. Hirst died Feb. 22, 1921. By the terms of his will, after personal bequests and a gift to his daughter of an annuity of $1000, he directed that "all the rest, residue and remainder of my estate, real and personal, I give and devise unto my executors hereinafter named, and the survivors and survivor of them, in trust, to pay over to my said wife one-half, during her life, of the net income therefrom, and to divide the balance equally between my two sons, William L. Hirst and Arthur C. Hirst. . . . Upon the decease of my said wife, then, and not until then, I give, devise and bequeath to my said sons the balance of my estate in equal shares. . . . I hereby authorize and empower my executors hereinafter named, and the survivors and survivor of them, to sell and dispose of any part of my real estate, at public or private sale or sales, for such price or prices and upon such terms and conditions as to them, or the survivors or survivor of them, may seem best, and to grant and convey the same to the purchaser or purchasers thereof, his, her or their heirs and assigns, free from all liability for or on account of the application of the purchase money or moneys, and clear of all trusts."

He appointed his wife, his sons, William L. Hirst and Arthur C. Hirst, and the Bryn Mawr Trust Company executors of his will, and directed that "they shall not be restricted in investing to what are called legal investments."

The executors filed their account in the Orphans' Court of Montgomery County. In the adjudication filed Feb. 4, 1924, the residue of the estate was awarded "to the executors as testamentary trustees, to invest and pay thereout the annuity of $1000 to the daughter Maria, and to pay one-half of the balance of the income to the widow during her life and the other half in equal shares to the two sons during the life of the widow. At her death the prin-

cipal of the residue of the estate will be paid over to the two sons in equal shares, less so much of the estate as will be necessary to produce the daughter's annuity."

On March 4, 1930, a petition praying for a declaratory judgment was filed in this court by Arthur C. Hirst, one of the sons of decedent, and an executor named in the will. It is stated in the petition that on Feb. 5, 1930, petitioner signed an agreement to sell his right, title and interest in a property No. 1526 Wood Street, part of the assets of the principal of the trust estate, agreeing to assign to the purchaser a one-quarter interest in the property during the lifetime of his mother, Agnes R. Hirst, and after her death a one-half interest.

A title company refused to insure the title for the purchaser. Petitioner claims he has a present right to the enjoyment of one-quarter of the principal of the trust estate, and a vested remainder, upon the death of his mother, in one-half of the principal, subject to the deduction of a proper sum to be set aside to provide the annuity to his sister, and that his vested remainder cannot be divested by any subsequent or contingent event; that after setting aside a sufficient sum to assure payment of the annuity, the trust as to the remaining one-half of the estate involves no active duties, is a dry trust, the legal title and right of possession is vested, share and share alike, in petitioner and his brother, William L. Hirst, and should be distributed by the trustees. The Bryn Mawr Trust Company, one of the executors, claims the trust is an active trust; that the interest of petitioner is a contingent remainder in one-half of the estate, and if he predeceases his mother, his share of the estate will be distributed under the Intestate Act as the estate of Anthony A. Hirst.

The prayers of the petition are that the court decide—

*(a)* Under the terms of the will of Anthony A. Hirst, deceased, are the interests of Arthur C. Hirst and William L. Hirst, as remaindermen, vested or contingent?

*(b)* What principal sum should be set aside out of the total assets of the estate of Anthony A. Hirst, deceased, to assure to Maria Hirst Levering the payment of her annuity of $1000?

*(c)* Under the terms of the will of Anthony A. Hirst, deceased, is the trust created for the benefit of Arthur C. Hirst and William L. Hirst during the lifetime of Agnes R. Hirst a dry trust, so that the said Arthur C. Hirst and William L. Hirst are presently entitled to the legal title, the possession and the full enjoyment of the principal of as well as the interest earned upon the said portion of the said estate?

In Letchworth's Appeal, 30 Pa. 175, 179, it was said: "The law always and naturally inclines to attribute the real and substantial ownership of property to some existing person, even in the case of a trust, and never to leave any part of it in abeyance. In other words, it always inclines to treat the whole interest as vested, and not as contingent; and, therefore, in case of doubt or mere probability, it declares the interest vested. . . . A devise or legacy, appearing to depend upon an event that is sure to happen, is vested, if the happening of the event does not form a part of the description of the devisee, and if the suspensive expressions can, consistently with, or by the aid of other parts of the will, be probably interpreted as referring, not to the vesting of the title, but to the vesting of the enjoyment: Smith's Exec. Interests, §§ 309, 310."

In Rau's Estate, 254 Pa. 464, it was held to be a general rule in the construction of wills that an interest is to be construed as contingent only when it is impossible to construe it as vested.

In the will of Anthony A. Hirst there is no gift over in the event of the death of the sons before the period of enjoyment fixed by the will. If their estates are contingent, in the event of the death of either before his share vested, it would be distributed as part of the estate of Anthony A. Hirst of which he died intestate.

Coggins's Appeal, 124 Pa. 10, quoted with approval the language of Judge Sharswood in Chess's Appeal, 87 Pa. 362: "The inclination of the courts is always in favor of the vesting of legacies, because in ninety-nine cases out of a hundred it is the intention of the testator that his bounty should be transmitted to the children or family of the beneficiary, otherwise indeed full effect is not given to it." And the question, whether vested or not, is always to be determined by a fair and reasonable construction of the whole will, and not from any particular expression.

In Rau's Estate, 254 Pa. 464, a testator created a particular estate, and disposed of the ulterior interests upon the happening of an event which determined the prior estate. The words "from and immediately after" were construed as referring only to the period of possession or enjoyment under the prior gift, and not as designed to postpone the vesting.

Where there was a direction that no distribution of the estate should be made until certain properties were sold, the words "no distribution" were held to mean that, notwithstanding the fact that the ownership had been disposed of by the will, the beneficiaries were not to enjoy full and unqualified possession of the property and securities in which the estate was invested until the sale of the properties: Brown's Estate, 289 Pa. 101.

"Where interest, whether by way of maintenance or otherwise, is given to the legatee in the meantime, the legacy shall, notwithstanding the gift itself appears to be postponed, vest immediately on the death of the testator." The beneficial enjoyment begins at once, payment only of the principal or capital is postponed: Harrar's Estate, 244 Pa. 542, 547.

In Brown's Estate, 289 Pa. 101, supra, it was decided that when time is annexed to the payment, and not to the legacy itself, such provision does not prevent the immediate vesting of the gift.

Setting aside an amount to assure the annuity of $1000 is a subject within the jurisdiction of the Orphans' Court of Montgomery County, where the account of the executors was filed and adjudicated.

"The jurisdiction of the several Orphans' Courts . . . shall extend to and embrace . . : the distribution of the assets and surplusage of the estates of decedents among creditors and others interested," and "all cases within their respective counties wherein executors, administrators, guardians or trustees may be possessed of or are in any way accountable for any real or personal estate of the decedent:" Act of June 7, 1917, § 9, (e) and (l), P. L. 363, 372.

A proceeding to obtain judgment under the Declaratory Judgments Act will not be entertained where the court lacks jurisdiction of the subject-matter involved, or where another statutory remedy has been specially provided for the case in hand: Kariher's Petition (No. 1), 284 Pa. 455.

The Orphans' Court has exclusive jurisdiction: Hammett's Appeal, 83 Pa. 392.

It is provided by the Act of June 7, 1917, § 24, P. L. 447, 490, that the remedy for the collection or enforcement of payment or delivery of all legacies, whether pecuniary, specific or otherwise, and whether charged on land or not, shall hereafter be exclusively in the Orphans' Court.

By the terms of the will of Anthony A. Hirst, the executors held the residuary estate in trust to pay the widow one-half of the net income during her

life and the balance of the income to the sons. As trustees, the executors were vested with a discretion to select investments and were not confined to legal securities. They were given power to sell any part of the real estate at either public or private sale.

The direction that distribution of the estate is to be deferred until the decease of the wife, and "then, and not until then," payment of the principal is to be made to the sons, clearly expresses an intention that the wife should receive one-half of the net income of the entire residuary estate and not be limited to the income from half of the estate.

To determine the nature of the interests possessed by remaindermen, the actual intent of the creator of such interests must first be discovered, and if the will makes that reasonably clear, it is unnecessary to resort to technical rules of construction: Packer's Estate (No. 2), 246 Pa. 116; Brown's Estate, 289 Pa. 101.

The trust created by the will is active. Petitioner is not entitled to the possession and enjoyment of his share of the principal of the estate during the lifetime of the widow.

And now, May 2, 1930, upon consideration of the foregoing case, it is adjudged and decreed as follows:

(a) That under the terms of the will of Anthony A. Hirst, deceased, the interests of Arthur C. Hirst and William L. Hirst as remaindermen are vested.

(b) This court is without jurisdiction to determine the sum to be set aside out of the total assets of the estate of Anthony A. Hirst, deceased, to assure Maria Hirst Levering of the payment of her annuity of one thousand dollars.

(c) Under the terms of the will of Anthony A. Hirst, deceased, the trust created for the benefit of Arthur C. Hirst and William L. Hirst during the lifetime of Agnes R. Hirst is an active trust, and Arthur C. Hirst and William L. Hirst are not presently entitled to the legal title, possession and full enjoyment of the principal, as well as the interest earned upon said portion of the said estate.