Singer's Estate.

Argued May 1, 1934. 

 Before TREXLER,
P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER and JAMES, JJ. 

*Leonard M. Boehm,* and with him *Lawrence O.
Clarke,* for appellant.

*A. B. Graver,* of *Wendt & Graver,* for I. W. Scott
Company, appellee.

*Harry S. McKinley* and *Robert B. McKinley,* for W. W. Martin Co. and Dominic Cerilli, appellees.

OPINION BY JAMES, J., February 1, 1935:

The single question raised on this appeal is, did Cecelia Rosenberger, daughter of Louis Singer, deceased, receive a vested remainder in fee-simple in the seventh of the estate of the said Louis Singer. Louis Singer, resident of McKees Rocks died August 21, 1918, and his last will and testament dated February 24, 1918, was duly probated in the register's office of Allegheny County. The several provisions of the will pertaining to the question involved are as follows:

"Second. I give, bequeath and devise to my beloved wife, Elizabeth Singer, during her natural life, all my property, real, personal and mixed ready money, and all other property, wheresoever and whichsoever of which I may be possessed at the time of my death: at the death of my said wife, Elizabeth Singer, I direct that the same be disposed of as follows: each of my children William Singer, Joseph Singer, Andrew Singer, Lena, wife of John McKernan, Mary, wife of Michael Beck, Sophia, wife of John Rosenberger, both now deceased, (their heirs) and Cecelia, wife of William Rosenberger, shall receive an equal share of all the property left to my wife, they may however, if they can do so in a manner agreeable to themselves, divide the said property, real estate, or any other that may be left at the death of my wife, so that each of my children shall receive a just and equal share of the said property, and each or any of my said heirs shall have the privilege of paying to the other in money so much as will balance the value or proportion of the other to him or her allotted.

"In the event that they cannot agree upon a division of the property in the manner indicated above, all the property, real and personal shall be sold and

the proceeds of sale shall be divided share and share alike.

"Third. In the event of the death of any of my said children, the share of that deceased child shall be equally divided among his or her heirs, or in the event of any of my daughters surviving their husbands, they or any of them, shall receive their share immediately upon the death of my wife, or as soon as it can be legally given to her or them. On the other hand, if my daughters, or any of them are survived by their husbands, her or their share shall remain intact until the youngest child shall have attained the age of twenty-one years, then /that/ share shall be equally divided among the heirs of such daughter or daughters, and the husbands of my daughters shall at no time under no consideration exercise any control over the property devised and bequeathed to my said daughters. If there are any minor children I hereby request the Hon. Court to appoint proper Guardians for them. Further I desire that in the event of any of my daughters becoming widows and not able to properly /support/ her or their families, she or they with the approval of the Hon. Court, may request the Executors to advance her or them such sum or sums of money that they may deem necessary for her or their children's support, and the said sum or sums shall be charged against her or them, and deducted from her or their share or shares, when final distribution is made."

Louis Singer left to survive him his widow, Elizabeth Singer, and seven children including Cecelia Rosenberger. Cecelia Rosenberger died August 8, 1925 leaving to survive her, her mother Elizabeth Singer, who later died August 13, 1928, her husband William Rosenberger, four children who are of age, and four children who are minors who are represented by guardians.

The question was raised in the court below by a petition for a declaratory judgment and the court was of the opinion that Cecelia received a vested remainder under the will of her father which was bound by the liens of judgments entered against her during her lifetime and the court entered a decree accordingly. From that decree the children of Cecelia Rosenberger have appealed.

It is the contention of the appellants that their mother took a remainder contingent upon her surviving her husband at the termination of the life estate, and that such estate was defeasible upon her death before the life tenant with limitation over to her children. It is our opinion that the contention of appellants is untenable.

A proper construction of the second paragraph of decedent's will convinces us that the devise to his children upon the death of his wife was a vested remainder: Rau's Estate, 254 Pa. 464, 98 A. 1068; Jenning's Estate, 266 Pa. 60, 109 A. 544; Groninger's Estate, 268 Pa. 184, 190, 110 A. 465. The postponement of possession did not postpone vesting of the remainders therein devised. This conclusion is reached without resort to any applicable canons of construction, all of which, however, would confirm a similar construction. The serious question remains, however, whether the third paragraph of decedent's will cut down the remainders granted to decedent's daughters in the second paragraph thereof, so as to make them defeasible. While the question is not entirely free from difficulty, after careful consideration we have concluded that it did not, and that the absolute vested remainder granted in the second paragraph is unaffected by the third paragraph.

We recognize that it is our first duty to examine the will and if possible ascertain its meaning without reference to any canons of construction: Weir's Estate,

251 Pa. 499, 96 A. 1086. Rules of construction must give way to the plainly expressed intention of a testator if that intention is lawful: Thran v. Herzog, 12 Pa. Superior Ct. 551. Where the intention of the testator, however, is not plainly manifest an application of the pertinent canons of construction is not merely proper but necessary. This is such a case.

In McCauley's Estate, 257 Pa. 377, 381, 101 A. 827, the court said: "While it is true that the law always seeks to give effect to a testator's purpose, and insists that such purpose is to be derived from the language he has employed, it is no less true that the law favors vested remainders, so much so that it will presume such was the intention of the testator, except as the language shows indisputably the contrary intent."

We cannot be persuaded that it was the intention of the testator that a participation by his daughters in his estate should depend as contended for by appellants not only upon the survivorship by them of the life tenant, but upon the survivorship of their respective spouses as well. It rather appears to us that the intention of the testator as shown by the provisions of the third paragraph of his will was to provide for the contingency of his daughters or any of them predeceasing him. The first clause of the third paragraph which reads as follows: "In the event of the death of any of my said children, the share of that deceased child shall be equally divided among their heir or heirs," undoubtedly meant death in the lifetime of the testator. The second clause: "Or in the event of any of my daughters surviving their husbands, they or any of them shall receive their share immediately upon the death of my wife or as soon as it can be legally given to her or them," cannot be regarded as a devise to the daughters whose husbands are deceased as it simply provides for the immediate

38

receipt by the daughters of their share of the estate upon the death of the life tenant, which share can only be the share that was previously granted in the second paragraph of the will. The next clause provides: "On the other hand, if my daughter or any of them are survived by their husbands, her or their share shall remain intact until the youngest child shall have attained the age of twenty-one years, then that share shall be equally divided among the heirs of such daughter or daughters." Under this clause, the daughter or any of them must predecease their husbands, under which circumstances the share of the daughter or the daughters, which the testator had in mind, was the share or shares which were devised by virtue of the first clause of the third paragraph, "That in the event of death of any of my said children (which death we have heretofore construed as being within the lifetime of the testator) the share of that child shall be equally divided among his or her heirs." By the use of the word "heirs" the testator meant children, and used the words "heirs" and "children" interchangeably in the text of the will itself. Under this clause, there is no direct devise to anyone, but merely the provision that the estate shall remain intact until the youngest child shall arrive at the age of twenty-one, when that share shall be equally divided among the heirs of such deceased daughter. The survival by the husband, as contemplated by this clause, if it is to apply to any share of the daughter or daughters, must apply to the share as provided for in the first clause, and can only apply in the event that the daughter predeceased the testator. As ably set forth in appellee's argument: "To construe this clause to mean that the unrestricted fee given to a daughter in the second paragraph of the Will should be cut down and that such estate should not vest until it be determined whether a daughter or her husband survive after the

death of the testator, might cause such vesting of the estate to be in abeyance for a long period after the termination of the particular estate, for, clearly, a daughter and her husband might both survive for many years after the death of the testator's widow. The testator could not have intended this result. It would have postponed, in such case, the use of this share of the estate so long as any daughter and her husband were living; and it would have rendered senseless his provision that such share be kept intact until the youngest child of such daughter, if she be survived by her husband, attained the age of twenty-one years, for all such children might in such case be well past twenty-one years of age before such contingency happened.''

The next clause, ''And the husbands of my daughters shall at no time under no consideration exercise any control over the property devised and bequeathed to my said daughters,'' cannot be so construed as to in any manner cut down the shares which the daughters have received by virtue of the second paragraph, but merely a direction that the husband would have no control over the property devised. This clause would be useless unless the testator intended his daughters to take a vested interest while their husbands were living.

The final clause of the third paragraph reads as follows: ''Further I desire that in the event of any of my daughters becoming widows and not be able to properly /support/ her or their families, she or they with the approval of the Hon. Court, may request the Executors to advance her or them such sum or sums of money that they may deem necessary for her or their children's support, and the said sum or sums shall be charged against her or them, and deducted from her or their share or shares, when final distribution is made.'' Although the last sentence above quoted ap-

pears in the third paragraph, we do not believe it can be considered as contended for by appellants. It does not appear to have any relation to the substitutionary gift contained in that paragraph. The use of the participle "becoming" does not compel a conclusion that survivorship is to be referred to the death of the life tenant rather than that of the testator. We believe the intention of testator was to provide for an advancement to a daughter who became a widow at any time prior to enjoyment in possession of the share bequeathed her under the will, to which benefit she would not otherwise have been entitled during the pendency of the life estate. It would be immaterial whether such daughter became a widow before or after the death of the testator, for in no event would she in the absence of the provision be entitled to enjoyment in possession pending the life estate.

After a careful consideration of the third paragraph of testator's will, we believe there is nothing therein clearly indicating any intention to defeat the vested remainder given to his daughters in the second paragraph. Were we to entertain a doubt that we have gathered testator's proper intention from his will, we would nevertheless be required to reach the same conclusion. As was said by the Supreme Court in Eichelberger's Estate, 274 Pa. 576, 582, 118 A. 555: "If a real doubt exist as to the proper construction of the will, then the general rule applies, the estate will be deemed vested, and the word 'surviving' will be applied as of the date of (testator's) death and not of that of the life tenant." Other applicable canons of construction must be considered. In case of doubt the construction of a will should be in favor of the first rather than the second taker, of an absolute or vested estate rather than a defeasible or contingent one: Jackson's Estate, 179 Pa. 77, 36 A. 156; McKinley v. Martin,

226 Pa. 550, 75 A. 734. An interest is to be construed contingent only when it is impossible to construe it as vested: Rau's Estate, supra; Weir's Estate, supra.

Decree affirmed at the cost of appellants.