## McGlinn's Estate

*Ralph B. Umsted* and *John R. Umsted*, for exceptants.

*Catherine A. Donahue* and *James P. McCormick*, contra.

VAN DUSEN, J., March 29, 1935.—The residuary paragraph of the will provided "all the rest . . . of my estate . . . to which I may be entitled at the time of my death, I give . . . In Trust, to divide the said estate into as many equal parts as there may be children of mine then living, or the issue of any deceased child, the issue of any such deceased child" to take the parent's share "and to pay over to each of my sons who shall then have reached the age of thirty years, one of said equal shares," the appointees by will or issue of any son dying before that age to take the parent's share. Each daughter received her share in trust for life, with remainder to her issue, and in case of the death of a daughter without issue "her said share shall become part of my residuary estate and be distributed to such persons as are entitled to such residuary estate under the terms of this my will."

John, one of the sons, had reached the age of 30 at the time of testator's death, and had received one of the original shares. These original shares, of course, were determinable and distributable as of the time of the testator's death. John then died with issue. Now Regina, one of the daughters, has died without issue, and her share has fallen into the residuary shares. It is argued that John's interest in this accrued share is contingent upon his surviving to the time of distribution, and that it goes to his issue in his place.

There is nothing in the will to show that the accrued shares are dependent upon any contingency different from that which affects the original shares. It must have been apparent to the testator that there might some day be accrued shares which would come into possession long after his death. He expressly made provision for the contingency in case a son died before the age of 30. But he made no special provision for the accrued shares.

It is urged on behalf of John's issue that the use of the words "divide" and "pay" import a contingency that the beneficiary must survive to receive the gift

in person; that as the original payment and division is to take place at the death of the testator, the contingency imported by these words was fulfilled by John as to the original share, but that they still import the same contingency, and that when a future distribution of accrued shares comes to be made it must be made only to sons "then living". This argument rests upon what is said in Rosengarten v. Ashton, 228 Pa. 389, and in many other cases. We have recently expressed very decidedly our opinion that these words ("pay and divide"), as distinguished from other similar words of gift, have no such meaning, Buckman's Estate, 13 D. & C. 653; Carson's Estate, 16 D. & C. 99, and we still remain of that opinion.

As Judge Gest demonstrates in the former case, the words "pay and divide" never had the "settled construction" which it is sought to put upon them, and there is therefore no occasion for the application of the doctrine of Hood v. Pennsylvania Society to Protect Children from Cruelty, 221 Pa. 474.

The exceptions are dismissed and the adjudication is confirmed absolutely.