# McCurdy's Estate.

*Wills—Construction—Vested and contingent interests—Survivorship.*

Under a gift over in case of A's death without issue, which event occurred, to such of the children of the testator as shall be then surviving for their lives, and to the issue absolutely of such of his children as may then be dead, such issue to take their parent's share, the contingency of survivorship applies only to the children and not to their issue, so that, on the death of a grandchild before the life-tenant, his (the grandchild's) interest passes to his executor.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1910, No. 87.

The facts and the relevant provisions of the will appear from the following extract from the adjudication of

VAN DUSEN, J.—John K. McCurdy, the testator, died Oct. 13, 1895. His will, of which a copy is hereto attached, gave his entire estate in trust for his children for life; and directed that if any child should die leaving issue, such issue should take the principal of which the child had been receiving the income for life. He further provided:

"Should any of my said children die unmarried or without issue, I give, bequeath and devise his or her share of my estate of which he or she had received the income, to such of my said children as shall then be surviving for and during the terms of their natural lives, and to the issue of such of my said children as may then be dead, such *issue* of such said deceased child, however, to take absolutely the share or portion of my estate which their *parents* would take for and during the terms of their natural lives, under this clause of my will had they been living."

McCurdy's Estate.

One child died leaving issue, and upon his death his share went out.

The present accounting is of the fund held for testator's remaining children, Martha M. McKee, James A. McCurdy, Edmund Y. McCurdy and Clifford P. McCurdy, of whom Edmund Y. McCurdy died June 26, 1926, and the present account is filed because, by reason of his death, one-fourth of the fund is now distributable.

Edmund left him surviving his widow, but no issue. She is the executrix of his will and sole beneficiary thereunder, and claims his share. She argues that the condition above set forth has not been performed, because Edmund was married at the time of his death. The condition is in the alternative, "unmarried or without issue," and as one of the alternatives has occurred, we are not concerned with the other. The first alternative includes the second, for an unmarried man cannot have lawful issue; and what the testator must have meant for the second alternative was, "or, if married, should die without issue." The whole phrase is in its turn an alternative to the gift to issue, if any, which immediately follows. The claimant wants "or" read "and," which could be done if necessary to make sense; but such reading would only make the sentence worse, for in the phrase "unmarried *and* without issue" the latter part is superfluous — it is necessarily included in the first part. See Vaughan *v.* Dickes, 20 Pa. 509; Matlack *v.* Roberts, 54 Pa. 148.

If the condition is not performed, as there is no other disposition of the principal, there would be an intestacy as to this one-fifth, and Edmund would get one-fifth of it, not the whole, as the claimant seems to argue.

Opposing counsel suggest another argument in favor of Edmund's widow (not Edmund himself or his estate) for the purpose of answering it, viz., that as there is a gift over in case Edmund dies unmarried, there is an implied gift to the widow, if there be any. This is true where there is a gift over in default of issue; a gift to issue being implied, if there be any: Beilstein *v.* Beilstein, 194 Pa. 152. This has become a rule of property; but such a rule has never been set up in the case of a widow of the first taker. Testators feel very differently toward the issue of the first taker and toward his widow, and it would certainly do violence to his intention in a great majority of instances if any such implication was made.

Edmund left three brothers and sisters to survive him, and they each take a life interest in his share. His brother John predeceased him, leaving two children, F. Allen McCurdy and J. Kirk McCurdy. J. Kirk McCurdy survived his uncle, Edmund, and comes in as child of a deceased child. F. Allen McCurdy died before his uncle, Edmund, leaving three children, Allen, Josephine and Marion, and these three claim to take among them the share which their father would have taken if living. They are, no doubt, issue of John in the usual sense; but J. Kirk McCurdy argues that the word "issue" is to be restricted to "children" because they are to take absolutely "the share or portion of my estate which their parents would take for and during the terms of their natural lives, under this clause of my will had they been living." Only Edmund's brothers and sisters take for life; and, therefore, only their *children* have a *parent* who takes for life. The contention is so far correct. This reference to a parent who takes for life makes the case stronger than O'Rourke *v.* Sherwin, 156 Pa. 285; Oliver's Estate, 199 Pa. 50; and Vanderbilt's Estate, 4 D. & C. 209; in which there was a gift to a first taker, and then a gift over to issue of the "parent's share" without further definition, and it was thought that "issue" was to be read "children" because of the reference to the parent.

McCurdy's Estate.

Counsel referred to the use of the word "issue" in the broader sense in another clause, but this cannot affect the meaning of this clause with its controlling context.

The contingency of Edmund's death without issue affects all the takers under this clause. But the further express contingency of survivorship of this event applies only to Edmund's brothers and sisters and not to their issue. There is no implied condition that others who take other estates, contingent upon Edmund's death without issue, must survive the contingency, and such contingent estates are inheritable: Baker's Estate, 8 D. & C. 392.

I conclude, therefore, that the principal of Edmund's share now for distribution goes, three-fourths in trust for Martha, James and Clifford for life (distribution at their deaths will be for future determination); and one-fourth to J. Kirk McCurdy and the personal representative of F. Allen McCurdy, equally. On submission, with the schedule of distribution, of proof of the settlement of the estate of F. Allen McCurdy, who died in 1912, and the persons who are entitled to it, the schedule may award direct to the persons so entitled.

*Robert T. McCracken*, for the guardian of the minor children of F. Allen McCurdy, exceptant.

GEST, J., March 25, 1927.—We agree with the Auditing Judge in his construction of this will. The gift over in case of Edmund's death without issue, which event occurred, was to such of the children of the testator as shall be then surviving, for their lives, and to the issue absolutely of such of the testator's children as may then be dead, such issue to take their parents' share. As the Auditing Judge well says, this contingency of survivorship applies only to the children of the testator and not to their issue, so that F. Allen McCurdy, one of the children of John M. McCurdy, took a vested interest, which, notwithstanding his death before his father, the life-tenant, passed to his executrix: McCauley's Estate, 257 Pa. 377.

The exceptions are dismissed and the adjudication confirmed absolutely.