# McCauley's Estate.

*Wills—Vested and contingent remainders—Construction—Intention.*

1. Where a legacy is made payable at a future time, certain to arrive, and not subject to condition precedent, it is vested, where there is a person in esse at the time of the testator's death capable of taking when the time of payment arrives, although his interest be liable to be defeated altogether by his own death.

2. When a bequest is to a class, the vesting is not postponed because of an uncertainty as to who, if any, may be the constituents of the class at the time fixed for the enjoyment of it. If there is a present right to a future possession, though that right may be defeated by some future event, contingent or certain, there is nevertheless a vested estate.

3. Testator bequeathed a life interest in his estate to his widow and directed that upon her death the entire balance should be converted into money and divided into three equal parts. He bequeathed one of such third parts to "my sister......if living or her children, if she be then deceased, in equal parts or shares, and to the issue of such of them as may then be deceased, such issue taking, however, such part or share as his, her, or their parent or parents would have taken if living." The sister died during the lifetime of the widow, leaving two children, one of whom predeceased the life tenant. Upon the life tenant's death, the administrator of such deceased child claimed her share of the estate, alleging that such child took a vested interest under the testator's will. The Orphans' Court decided that such child's right to take was contingent upon her surviving the life tenant, and that having predeceased the life tenant, she took nothing under the will. *Held,* that such child took a vested interest, and the decree was reversed.

Argued Jan. 12, 1917.   Appeal, No. 178, Jan. T., 1917, by Robert J. Love, Administrator of the Estate of Rebecca N. Love, deceased, from decree of O. C. Philadelphia Co., Oct. T., 1898, No. 150, dismissing exceptions to adjudication, in estate of John McCauley, Deceased. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.   Reversed.

Exceptions to adjudication.   Before LAMORELLE, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions in an opinion by DALLETT, P. J. Robert J. Love, Administrator of the Estate of Rebecca N. Love, deceased, appealed.

*Error assigned* was in dismissing the exceptions.

*Thomas F. McMahon,* for appellant.—It may be laid down as an established principle of the law, too clear to be contradicted, that wherever it is possible so to do by any fair reading of the will, the estate therein given will be held to be vested rather than contingent: Manderson v. Lukens, 23 Pa. 31; Chew's App., 37 Pa. 23; Womrath v. McCormick, 51 Pa. 504; McClure's App., 72 Pa. 414.

In order to divest a vested estate, the contingency upon which its existence is made to depend must have completely happened: Chew's App., 37 Pa. 23; Chess's App., 87 Pa. 362; Snyder's Est., 180 Pa. 70; Carstensen's Est., 196 Pa. 325.

*Bayard Henry* and *Thomas Stokes,* for appellee.—The remainder to the children of testator's sister, Anna Jane White, is contingent, and vested only in such of the children as survived the life tenant, Eliza Jane McCauley: Mulliken v. Earnshaw, 209 Pa. 226; Rosengarten v. Ashton, 228 Pa. 389; Cascaden's Est., 153 Pa. 170; Rudy's Est., 185 Pa. 359.

OPINION BY MR. JUSTICE STEWART, April 16, 1917:

The appeal in this case raises the single question whether under the will to be considered the gift to the children of testator's niece, Anna Jane White, constituted a vested or contingent remainder. The Orphans' Court held it to be contingent and made distribution accordingly. The appellant insists this was error. The portion of the will that gives rise to the controversy is found in the latter part of the sixth section, wherein testator makes disposition of a third part of his residuary

estate not previously disposed of in the will, and which reads as follows: "And the remaining third part or share of the proceeds of my residuary estate I give and bequeath to my sister, Anna Jane White, if living, or her children if she be then deceased, in equal parts or shares, and to the issue of such of them as may then be deceased, such issue taking, however, such part or shares as his, her or their parent or parents would have taken if living." By a previous clause in this same section of the will, testator had given his wife a life interest in his entire estate, and had directed that upon her death the entire balance then remaining of his estate should be converted into money and divided into three equal parts. He then proceeds to dispose of these parts or shares separately. We are concerned here only with the third given to Mrs. White or her children.

The testator died in 1897; the widow, the life tenant, died in 1915; Mrs. Anna J. White, the sister to whom, if living, was given the entire one-third, died in November, 1899, leaving to survive her two children, Elizabeth W. Weaver and Rebecca N. Love, the latter of whom, intermarried with Robert J. Love, died August 24, 1903, intestate, without issue, leaving to survive her a husband, Robert J. Love, to whom letters of administration on the estate of his deceased wife were granted. On this state of facts the learned auditing judge held that Mrs. Love's right to take was contingent on her surviving the life tenant, and that having predeceased the life tenant, the latter having survived until 1915, she took nothing under the will. In this conclusion we cannot concur. It is in effect importing into the gift to the children, without any warrant whatever, a condition which the testator attached to and made inseparable from the gift to the mother, namely, that she was to take at the termination of the life estate if she was then living. What reason can there be for inferring that it was testator's intent to subject this alternative gift over to the children to a like condition, that is, survivorship at the expira-

tion of the life tenancy?   To do so would be in defiance
of accepted rules of construction and make another will
for the testator than that he himself published and de-
clared.   The testator here attached such condition to the
gift to the mother in unmistakable terms, showing that
he knew how to effect his purpose where that purpose
was to make the gift contingent upon survivorship.   The
fact that he coupled no such condition as "if then liv-
ing," to the gift over to the children, is quite as conclu-
sive that he did not intend to subject it to similar con-
tingency.   Besides, the gift to the children was as sub-
stantive and independent as the gift to the mother which
failed, and therefore it is to stand unaffected by the re-
striction or contingency that attached to the former:
Jarman on Wills, Vol. II, Sec. 447.   The gift to the par-
ent having failed because of her death during the con-
tinuance of the life estate, this feature of the will calls
for no further consideration, and we may pass at once
to a consideration of the alternative gift—"or her chil-
dren, in equal parts or shares, and to the issue of such
of them as may then be deceased, such issue taking,
however, such part or shares as his, her or their parent
or parents would have taken if living."   It is upon
the words "if living" and "if she be then deceased"
that the appellee relies as showing that it was the
testator's intention to restrict the class of children to
such as might be living at the determination of the life
estate, and such issue of any deceased child as might
then be living.   Inasmuch as Mrs. Love died during the
continuance of the life estate, and without issue surviv-
ing, it is argued that the gift to her, as one of a class,
was intended by the testator to be contingent upon her
living at the period of distribution, or upon her having
left issue who had survived such period.   However in-
genious the argument that would derive from the words
especially urged upon our notice, an intention to make
the gift to the issue contingent, it must fail of its pur-
pose when it is considered that what is required in such

case is not that the words of the will admit of a possible
or even a reasonable inference that the testator intended
a contingent remainder, but that such intention should
appear plainly, manifestly and indisputably. Certainly
it cannot be contended that the words here employed, in
the connection in which they appear, are so demonstra-
tive of a purpose to make the gift to the children con-
tingent upon their survival, as to exclude necessarily a
contrary purpose, especially in view of the fact that tes-
tator knew how to make such a gift contingent in an in-
disputable way, as is shown by the gift that failed, the
gift to the mother "if living," and failed to attach any
such provision in the gift to the children; and in view
of the further fact that if such construction is to prevail,
it necessarily results that testator died intestate as to
such interest as Mrs. Love would have taken had she sur-
vived, seeing that there is no gift over should she not
survive to take, and no disposition is made of that share.
There is no suggestion that intestacy was intended.
While it is true that the law always seeks to give effect
to a testator's purpose, and insists that such purpose is
to be derived from the language he has employed, it is
no less true that the law favors vested remainders, so
much so that it will presume such was the intention of
the testator, except as the language shows indisputably
the contrary intent. It necessarily follows that even
granting the contention of appellee so far as to admit
that the language of the testator is not inconsistent with
the purpose to make the gift to the children contingent,
it is, nevertheless, because of what we have indicated as
sufficient, if not conclusive, reason for deriving a con-
trary intention, the real effect is to be determined by ap-
plying the established rules of construction. So fa-
miliar are these rules to the professional mind that it
would lengthen this opinion to no purpose to cite sup-
port for the authority of such as we shall state, and
which we regard as controlling here.

Where a legacy is made payable at a future time, cer-

tain to arrive, and not subject to condition precedent, it is vested where there is a person in esse at the time of the testator's death capable of taking when the time arrives, although his interest be liable to be defeated altogether by his own death.

Where a bequest is to a class, the vesting is not postponed because of uncertainty as to who, if any, may be the constituents of the class at the time fixed for the enjoyment of it.

If there is a present right to a future possession, though that right may be defeated by some future event, contingent or certain, there is nevertheless a vested estate.

These rules are applicable to and must govern this case. They have been applied in cases almost without number, and while in some of the cases there may be apparent departure from one or more, certainly in none of those cited by the appellee have any of them been disregarded or their authority questioned in any way. The cases which have been supposed at variance, or so distinguished on their facts as to be outside the operation of these rules, including all those cases relied upon by the appellee here, are all reviewed and discussed at length in the recent case of Neel's Est., 252 Pa. 394, and in Rau's Est., 254 Pa. 464, and we feel that nothing can profitably be added to what is said in those cases.

Our conclusion is that under the will of John McCauley the gift to the children of testator's niece, payable at the latter's death, was vested in such of her children as were living at the death of the testator. If this be correct, it must follow that the share of Mrs. Rebecca N. Love, one of said children, was not divested by reason of her death before that of her mother, and that distribution of her interest or share should have been made to her legal representative, this appellant. The judgment of the court below is accordingly reversed and distribution is ordered to be made in accordance with the view here expressed.