## Weir's Estate.

Argued March 22, 1932. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Thomas L. Anderson,* with him *R. W. Parkinson,* for appellant.—Assuming testamentary disposition is intended by item eight of the will, the provision thereof, "shall pay to my daughters, or their living children," does not divest a daughter's vested remainder in the trust fund if she dies without issue during the life tenancy, or make the vesting of the gift contingent on the daughter's surviving the life tenant.

No alternatives confronted Fannie Weir, such as to put her to an election; her acceptance of other benefits conferred by the will was meaningless; if she made no election, because there was none to make, there could be no estoppel of her executor, such as flows from an election. The instant case is ruled by Carstensen's Est., 196 Pa. 325; Groninger's Est., 268 Pa. 184.

Carstensen's Est., supra, has been followed in a number of decisions of this court: Hood v. Maires, 255 Pa. 128; Jenning's Est., 266 Pa. 60; Bair's Est., 255 Pa. 169; McCauley's Est., 257 Pa. 377; Neel's Est., 252 Pa. 394; Safe Deposit & Trust Co. v. Wood, 201 Pa. 428; Rosengarten v. Ashton, 228 Pa. 389; Marshall's Est., 262 Pa. 145; Porter v. Bryant, 273 Pa. 435.

Item eight does not, on its face, purport to be a testamentary direction, but rather the mere recital of something previously accomplished by the testator: "Whereas, on July 31, 1920, I deposited $20,000......in trust, for the following uses and purposes: It is my will and I so desire [describing the uses and purposes]."

*J. R. McCreight,* for appellee.—In his will testator impliedly asserted, in substance and effect, a right in himself to affect the terms of the trust by giving testamentary direction as to the ultimate distribution of the trust fund, and the will undertook to do this. It directed that at the death of his wife the trustee should "pay to my daughters, or their living children, the above-mentioned trust funds with interest accrued," and the legal meaning of language such as this has been held to be that the distribution to be made at the termination of the life interest shall be among the then living daughters, and the children of any of them deceased: Rowland's Est., 141 Pa. 553.

We contend that the state of facts brings the present case within the rule laid down in this court by Chief Justice GIBSON in Moore v. Smith, 9 Watts 403. This rule was recognized and applied in the case of Rosengarten v. Ashton, 228 Pa. 389. See also Rau's Est., 254 Pa. 464; Jenning's Est., 266 Pa. 60; Groninger's Est., 268 Pa. 184; Sternbergh's Est., 250 Pa. 167; Marshall's Est., 262 Pa. 145.

The testator had in mind the contingency that one or more of his daughters might not be living at the time of the death of his wife, and that if they were not their shares should go to their living children only, and if not they should go to the survivor or survivors.

We have not been able to find a case in which the language of the will was exactly the same as in the instant case, but we believe that as to this feature of the will the same principle was applied in the following cases: Delbert's App., 83 Pa. 462; Mulliken v. Earnshaw, 209 Pa. 226.

A comparison between the provisions of the trust agreement and the provisions of item eight of the will shows that he did intend to make a change and that he carried out his intention.

OPINION BY MR. JUSTICE LINN, May 9, 1932:

The executor of Fannie M. Weir appeals from distribution in the adjudication of the account of a trustee under a deed of trust executed by Ella H. Weir. The appeal involves the construction of the will of Adam Weir. The learned court below held that by the conduct of Fannie M. Weir, her executor was estopped from claiming under the deed of trust.

On July 31, 1920, Ella H. Weir, wife of Adam Weir, executed and delivered to Washington Trust Company, a deed of trust by which she transferred $20,000 in trust to pay the net income to her husband for life, and, if she survived him, to herself for life; after the death of both, "to pay the said principal sum of $20,000 and any accrued income thereon to my said children, to wit: Helen Weir Craig, Flora Weir Stewart, Fannie Weir and Mary Weir, their heirs and assigns, in equal shares." If there were nothing else in the case, it is agreed that claimant should receive one-fourth of the fund pursuant to that provision.

Adam Weir died August 12, 1922, leaving a will dated October 2, 1920, admitted to probate. The settlor, Ella H. Weir, died October 15, 1930, without having remarried. In consequence of her death the trustee filed its account showing $20,737.59 for distribution. The account was confirmed absolutely, leaving for determination only who were distributees. At the date of the settlor's death, but three of the four children named in the deed survived, one, Fannie Weir (also called Fannie M. Weir) having died January 18, 1930, testate, without surviving children; her executor claimed the distributive share vested in her.

The estoppel, applied by the learned court below, was found in the following circumstances. While the deed of trust stated that Ella H. Weir transferred the principal of the trust, $20,000, to the trustee, the sum was in fact contributed by Adam Weir. When, a few months later, he made his will, he seems to have been under the

impression that he had the right to dispose of the fund by will, and accordingly made the following provision in the eighth paragraph: "Whereas, on July 31, 1920, I deposited ($20,000) in the Washington Trust Co. of Washington, Pa., to be held by the said Washington Trust Co. as a trust fund, in trust, for the following uses and purposes: It is my will and I so desire that the above named trust company, at my death, divide this fund into two equal sums of ten thousand dollars each. One fund to be known and designated as trust fund 'A,' the interest of which shall be due in July of each and every year; the other fund to be known and designated as trust fund 'B,' the interest of which shall be due in January of each and every year. The interest or earnings of these two funds is to be paid to my wife, Ella H. Weir, at the above named interest bearing periods so long as she remains my widow. At her death, I direct that the above named trust company shall pay to my daughters, or their living children, the above mentioned trust funds with interest accrued, at the first regular interest bearing periods, following said death, share and share alike. In the event that my wife, Ella H. Weir, should remarry, then I direct the aforementioned trust company to pay to my daughters or their living children, trust fund 'A' with interest at the first regular interest bearing period following such marriage, share and share alike; she, Ella H. Weir, to receive the interest on trust fund 'B' during her natural life, and at her death the above named trust company shall make a like settlement as with trust fund 'A'......"

Fannie Weir was a devisee and legatee under this will, receiving property valued at over $30,000; she was also an executrix, and participated in the administration of the estate and was entirely familiar with the deed of trust and its provisions.

In the court below, the three surviving daughters, concededly entitled to three-fourths of the trust fund, nevertheless claimed the entire fund to the exclusion of Fan-

nie Weir's executor, on three grounds. First: That the fund was the property of Adam Weir, and therefore passed under his will and not under the deed of trust; the court held that as the account of the trustee had been confirmed absolutely, that position could not be maintained after confirmation,—that the only question open was to whom the fund should be distributed: Wylie's App., 92 Pa. 196, 198, and cases cited, p. 199. Second: That Fannie's interest in the trust fund was contingent; the court held it was vested: McClure's App., 72 Pa. 414, 418. Appellant acquiesces in those conclusions. Third: That by his will Adam Weir attempted to alter the distribution of the trust fund specified in the deed, by providing that a daughter's share in the fund, which was vested by the deed, would be divested if a daughter died, without issue, after the testator but before his wife; and that the daughter Fannie, with knowledge of the circumstances, elected to take and received large benefits under the will, thereby estopping herself, and her executor, from now claiming the share that she would otherwise have taken under the terms of the deed of trust: Shelley's Est., 287 Pa. 105, 134 Atl. 468, and cases cited page 110. The learned court below applied the estoppel and accordingly held that appellant could now take nothing under the deed because Fannie's executor could take nothing under the eighth paragraph of the will as the learned court construed it.

Appellant contends that there is no difference, that could affect the present distribution, between the disposition of the trust fund made by the will and that made in the deed,—that she had a vested remainder by the will, liable only to be divested if she died leaving children surviving, whereas she died childless. If that contention is sustained, the estoppel becomes immaterial, and this appeal must be sustained.

In the adjudication it is said: "In his will he impliedly asserted, in substance and effect, a right in himself to affect the terms of the trust by giving testamen-

tary direction as to the ultimate distribution of the trust fund, and the will undertook to do this. It directed that at the death of his wife the trustee should 'pay to my daughters, or their living children, the above mentioned trust funds with interest accrued,' and the legal meaning of language such as this has been held to be that the distribution to be made at the termination of the life interest shall be among the then living daughters, and the children of any of them deceased: Rowland's Est., 141 Pa. 553 [21 Atl. 735]." We do not think that decision applies. In that case it was held that the testator intended to preserve the principal for his grandchildren by means of a trust for the payment of income to his wife and children for life; on the death of a son, without surviving issue, his representative claimed that the son was entitled to income pur autre vie, i. e., until the death of the last surviving child, instead of merely for his own life; this court, however, decided that such claim was inconsistent with the intention of the testator. See also Rowland's Est., 151 Pa. 25, 30, 24 Atl. 1091; Maxwell's Est., 261 Pa. 140, 104 Atl. 501.

Counsel for appellees now state their position as follows: "To sum up the position of the appellees on this point, therefore, we say that item eight of the will of Adam Weir did not grant vested estates in remainder to his daughters, but only contingent alternate remainders to the daughters or their living children, resting our position on two grounds, first, that there is no gift except in the direction to pay, and, second, that this interpretation is reënforced by the necessary inference to be drawn from the expression 'or living children.' "

We cannot take that view. To ascertain the expressed intention of testator, we have examined the entire will in the light of the primary rule that "our first duty is to examine the will, and if possible ascertain its meaning without reference to canons of construction:" Groninger's Est., 268 Pa. 184, 187, 110 Atl. 465. The will expresses an intention to dispose of all of testator's

property; that the estates and interests devised and bequeathed should vest at his death; that all his property except the principal of the trust should be distributable at his death; that he thought he had retained the right by will to alter the terms of the deed of trust and purported to do so. Testator knew that he had been receiving and was entitled to receive the income under the deed of trust for the term of his life, and therefore dealt with the subject with that fact in mind, changing the provisions for the payment of income to his wife from what was provided in the deed. The testamentary trust for the life of the widow was necessary to enable her to receive the income for her life and therefore, as a convenience of administration, involved the postponement of the payment, not the vesting, of the principal to, or "settlement" with, his daughters: Marshall's Est., 262 Pa. 145, 149, 105 Atl. 63; Groninger's Est., 268 Pa. 184, 191; Reed's Est., 307 Pa. 482. There is nothing in the will taken as a whole, inconsistent with the intention to vest the daughters' shares at his death, nothing to indicate that he had any reason for, or thought of, making any part of the daughters' interest in his estate contingent. In this connection it is necessary to keep in mind the rule "that an interest is to be construed contingent only when it is impossible to construe it as vested": Rau's Est., 254 Pa. 464, 98 Atl. 1068; that the intention to create a contingent interest "should appear plainly, manifestly and indisputably:" McCauley's Est., 257 Pa. 377, 101 Atl. 827. Briefly, the will provided as follows: By items two, three, four and five each daughter, by name, received a farm, the home farm going to Fannie M. Weir. Item six gave his wife a home in the mansion house on the home farm during widowhood, and by item seven she received furniture and other personal property. Item eight, quoted above, dealt with the trust fund. Item nine provides that "if any of my daughters should die without issue living, *previous to my death,* [italics, the writer's] then their bequests shall revert to

my remaining living daughters or their living children."
After disposing of other personal property he provided,
in item 17, that the residue should "be divided [by persons named to make the division] among my daughters
or their living children, share and share alike......,"
and that property [referred to in this item] of doubtful
value should be disposed of by the same persons "as they
might deem best," the proceeds "to be divided among my
daughters or their children share and share alike." Item
18 disposed of insurance payable to his estate in installments, by directing that it be paid to his "wife during
her natural life and at her death to be paid to my daughters share and share alike." It seems clear to us that he
intended to treat his daughters as nearly alike as possible and intended that all the estates and interest
should vest at his death. In Marshall's Est., supra, it
is said: "The law leans to vested rather than to contingent estates, and the presumption is that a legacy is
vested: Carstensen's Est., 196 Pa. 325 [46 Atl. 495];
Tatham's Est., 250 Pa. 269 [95 Atl. 520]; Neel's Est.,
252 Pa. 394 [97 Atl. 502]; Rau's Est. [supra], and 'the
presumption that a legacy was intended to be vested,
applies, with far greater force, where a testator is making provision for a child or a grandchild, than were the
gift is to a stranger or to a collateral relative:' Wengerd's Est., 143 Pa. 615 [22 Atl. 869]"; see too Jenning's Est., 266 Pa. 60, 109 Atl. 544; Groninger's Est.,
supra; Walker's Est., 277 Pa. 444, 448, 121 Atl. 318.

In that view, by paragraph eight of the will, there was
vested in Fannie M. Weir, when she died, childless, in
1930, an interest in the principal of the trust fund which
passed under her will to her executor for administration. Later, when her mother died, the principal, on the
assumption that testator had the right to dispose of it,
was distributable to her executor and to her three surviving sisters. As it is agreed that by the deed of trust
her interest would likewise be so distributed, it is im-

material that, in the circumstances stated, an estoppel would have existed, as was held below.

The order of distribution is reversed, the share in question is directed to be awarded to claimant, the Citizens National Bank, executor and trustee under the will of Fanny M. Weir, deceased, costs to be paid by the estate.