In the Matter of the Estate of PERCY S. DUDLEY, Deceased.

Surrogate's Court, Kings County, August 1, 1938.

*Cullen & Dykman,* for the Brooklyn Trust Company, as trustee, petitioner.

*Duncan & Bruchhausen,* for Frances H. Dudley and Gordon B. Dudley, and William H. Dudley, individually and as one of the executors of the estate of Charlotte Elizabeth Dudley, deceased, respondents.

*Philip M. Kleinfeld,* special guardian for Laurence S. Maynard and Ann G. Maynard, infants.

WINGATE, S. The stipulated facts relating to the question of interpretation herein propounded, in so far as the court deems them pertinent to a decision, are as follows: The testator at the time of the execution of the will was a practicing lawyer, maintaining offices for that purpose both in the boroughs of Manhattan and Brooklyn in the city of New York. He was, at that time, unmarried, and of the age of approximately sixty years. The will was drawn by him in his own hand and executed at his Brooklyn law office. His nearest blood relatives were his sister, Charlotte, his nieces, Frances and Laura, and his nephews, William and Gordon. By the terms of his will he bequeathed his personal effects and his residence to his sister, outright, and also erected a trust in the principal sum of $50,000, with the income payable to her for life, with the remainder as she might appoint, with the alternative, upon her failure to execute the power, to his niece Frances. He also erected an additional trust in the sum of $50,000 to his sister-in-law, Laura L. Dudley, with a secondary life estate to Frances, and the remainder to her appointee, or on failure of appointment, to the sister and brothers of Frances. The only additional beneficial directions were a general bequest of $25,000 to charity, and the residuary gift which was erected into a trust for the life benefit of testator's sister, the direction continuing " and upon her death to pay over the principal sum to my nieces, Frances H. Dudley and Laura L. Maynard, and my nephews, William H. Dudley, and Gordon B. Dudley, in equal shares, the descendants of any deceased niece or nephew taking by representation, the share of the parent."

Laura L. Maynard never had any natural children, but prior to the execution of the will adopted two children, Laurence S. Maynard and Ann G. Maynard, who are still living. The testator at the time of the execution of the will knew of such adoption, and " his attitude towards * * * said adopted children was not unfriendly." Testator's sister, the life tenant of the residuary trust, has now died, and the particular question of testamentary interpretation propounded concerns the manner of devolution of the remainder gift of this trust. Laura L. Maynard survived the

testator but predeceased the life tenant, leaving surviving her husband and the two adopted children. All are still living.

The immediate question of interpretation is as to the person or persons entitled to receive that portion of the remainder gift of the residuary trust which would have been payable to Laura L. Maynard had she survived the life beneficiary.

In the evaluation of the composite situation the first matter for recollection is the fact that the testator was a practicing lawyer, and that his will was prepared in holograph. In such a situation the principle is well recognized that a stricter rule is to be invoked respecting the connotation to be attributed to the phraseology of the will than if the documents were the product of lay draftsmanship (*Matter of Duffy*, 143 Misc. 421, 424), and that technical words are to be accorded their strict legal signification. (*Matter of Leonard*, 143 Misc. 172, 180; *Matter of Barrett*, 141 id. 637, 638; *Overheiser* v. *Lackey*, 207 N. Y. 229, 233; *Adams* v. *Massey*, 184 id. 62, 70; *Matter of Catlin*, 97 Misc. 223, 227; *Matter of Corlies*, 150 id. 596, 598; affd., 242 App. Div. 703.) It follows, therefore, that there is an inference that when the testator employed the term " descendants " in making the substitutional gift of the remainder of the residuary trust, he had in mind the ordinary and accepted connotation of the descriptive term which limits the composition of the class to lineal issue. (See definitions of " Descendants " in Century Dict.; Webster's Dict.; *Matter of Marsh*, 143 Misc. 609, 617. See, also, *Mitchell* v. *Thorne*, 134 N. Y. 536, 540; *Matter of Moore*, 90 Hun, 162, 167.)

It is, of course, established that an adopted child may be included in such a designation if an affirmative intent of the testator to that effect is discernible, but particularly in a will drawn by a member of the legal profession the burden of demonstrating such intent must rest upon one who claims that it exists. (*Matter of Marsh*, 143 Misc. 609, 616.) No such demonstration has here been made, the only pertinent stipulation being to the effect that the decedent was " not on unfriendly terms " with the adopted children of his niece. This falls far short of the demonstration which would be required to establish an affirmative desire to include them in this descriptive designation contrary to the natural and accepted connotation thereof, since there is a " presumption * * * in favor of the proper and correct use of words, whether technical or belonging to the language of ordinary life." (*Matter of McShane*, 158 Misc. 777, 779; *Matter of Ihrie*, 162 Penn. St. 369, 372; 29 A. 750, 751.)

It must, therefore, be determined that Laurence S. Maynard and Ann G. Maynard, the adopted children of Laura, do not

698

come within the description of the substitutionary gift to " descendants."

The question, therefore, arises as to who is entitled to receive the share which would have been paid to Laura had she survived the life tenant. In view of the inapplicability of the substitutional gift, the situation is exactly the same as if it had not been inserted, with the result that there remains an express direction for the payment of the remainder, following the life benefit to testator's sister, to four individuals who are designated nominatim. In such a situation, the law is well established that a strong inference arises to the effect that the subject-matter of the gift vested absolutely in the named remaindermen at the moment of the death of the testator. (*Matter of Soy*, 143 Misc. 217, 220, 221; *Matter of Lamb*, 182 App. Div. 180, 186; affd., 224 N. Y. 577; *Matter of Gardner*, 140 id. 122, 129; *Matter of Young*, 145 id. 535, 538; *Matter of Traver*, 161 id. 54, 57; *Roosa* v. *Harrington*, 171 id. 341, 353; *McLean* v. *McLean*, 207 id. 365, 375.) The court, therefore, determines that by reason of the failure of the substitutional gift, the share of the remainder payable to Laura L. Maynard in the event of her survival of the life beneficiary of the residuary trust, was never divested and is consequently now payable to her estate. (*Matter of Stutzer*, 156 Misc. 684, 687; *Flynn* v. *McDermott*, 183 N. Y. 62, 67; *Sterrit* v. *Lee*, 44 App. Div. 619, 620; *Berkley* v. *Kennedy*, 62 id. 609; *Walter* v. *Walter*, 60 Misc. 383, 393; affd., 133 App. Div. 893; affd., 197 N. Y. 606.)

Enter decree on notice in conformity herewith.