**AMERICAN SECURITY & TRUST CO. v. GARNETT et al.**

Civ. No. 4071–47.

United States District Court
District of Columbia.

Dec. 7, 1948.

John E. Larson and Llewellyn C. Thomas, both of Washington, D. C., for the plaintiff.

Henry H. Glassie, Jr., and Thomas M. Cooley II, both of Washington, D.C., for defendants S. B. Powell and others.

Merle Thorp, Jr., of Washington, D.C., for defendant Ward G. Fatherly.

Charles A. Webb, Francis Brooke, and Harold A. Kertz, all of Washington, D.C., for defendants C. B. Boykin and others.

John G. Tausig and Henry F. Butler, both of Washington, D.C., for L. G. Brand.

Thomas H. Patterson, of Washington, D. C., for heirs of Rita Boykin.

Fred J. Rice, of Washington, D.C., for defendant Rose Garnett.

John Haney, of Colorado Springs, Colo., for defendants Frank Scott and others.

HOLTZOFF, District Judge.

This is an action for the construction of the will of Alice Evelyn Garnett, who died on February 28, 1922, a resident of Arkansas. Her will was admitted to probate in that State. The instrument, among other things, disposes of real property located in the District of Columbia. These provisions are involved in this proceeding.

In respect to the real property, the testatrix created a life estate for her three children and their survivors. The life estate terminated by the death of the last surviving child on December 23, 1946. The ques-

tion presented for determination is who is entitled to the fee simple upon the death of the last of the life tenants.

The testatrix devised all of her real property located within the District of Columbia to the American Security and Trust Company in trust to divide the net income arising therefrom equally among her children—William H. Garnett, Evelyn Sidney Garnett, and Rita Boykin—so long as they or any of them should live. The following provision then follows in paragraph 6, which is to be construed in this proceeding: "Upon the death of all of my children, I give, devise and bequeath all of my trust, estate, in fee simple and free of this trust, to my grandchildren, or their descendants that shall then be living, my said grandchildren, or their descendants to take per stirpes and not per capita, or in other words, to inherit the portion of my estate that would pass to their parents if I had died intestate."

Of the three children, William H. Garnett died on March 21, 1938, without issue, and Evelyn Sidney Garnett died on January 21, 1943, also without issue. The third, Rita Boykin, died on December 23, 1946. She had one child—Aubrey—who predeceased her, the date of his death being September 23, 1922. Thus, Aubrey Boykin, the son of Rita Boykin, died after the death of the testatrix, but during the life of his mother and, therefore, during the existence of the life estate. He had no issue. At the time of her death, Rita Boykin was in receipt of the entire net income of the trust estate as the survivor of the three children of the testatrix. The question who is entitled to the corpus upon her death, in turn, depends, first, on the nature of the interest taken by Aubrey Boykin under his grandmother's will. It will be observed that under paragraph 6 of the will, upon the death of all of the children, the corpus passed to the grandchildren in fee simple, or their descendants that should then be living. Aubrey Boykin was the only grandchild of the testatrix. The first and basic problem to be solved is whether he received a vested or a contingent remainder.

It is contended by some of the defendants that Aubrey took a vested remainder and that, therefore, they derive title through him. Other defendants claim that Aubrey Boykin took a contingent remainder and that, therefore, his interest was extinguished at his death. They variously argue that upon Rita Boykin's death an intestacy resulted; that there was a possibility of reverter on the theory that Aubrey Boykin had a defeasible fee; and that a resulting trust arose in favor of Rita Boykin's heirs, or in favor of the heirs of the testatrix. The different points of view were ably and eloquently presented by counsel in oral argument and briefs, in a manner that was exceedingly helpful to the court.

In construing a will, there are certain general and fundamental principles that must be borne in mind. First, the courts endeavor to effectuate the intention of the testator, insofar as it can be ascertained from the text of the instrument, the surrounding circumstances, and the situation of the family. Second, the law favors early vesting of estates and in case of doubt construes words in futuro as postponing the possession and enjoyment rather than the vesting of a future interest. Third, if at all possible, a will should be so interpreted as to avoid an intestacy.

Testamentary dispositions similar to that encountered in this case are frequently found. Courts have often construed provisions creating a life estate, with a remainder to children or grandchildren, as the case may be, and if they be dead, then to their issue or their descendants.

In Doe v. Considine, 6 Wall. 458, 472, 473, 18 L.Ed. 869, the will created a life estate with a remainder to the child or children of the testator's son, John M. Barr; but should John die without leaving issue, then the remainder was to pass to the testator's sons-in-law. The Court concluded that children of John M. Barr living at the time of the testator's death took a vested remainder, subject to open and let in the participation of after-born children and liable to be divested by their dying before the life tenant, but not liable to be defeated by any other event. It was further held that the devise over to the sons-in-law was a contingent remainder. The Supreme Court formulated the following definition of vest-

ed and contingent remainders 6 Wall. at page 474, 18 L.Ed. 869:

"A vested remainder is where a present interest passes to a certain and definite person, but to be enjoyed in futuro. There must be a particular estate to support it. The remainder must pass out of the grantor at the creation of the particular estate. It must vest in the grantee during the continuance of the estate, or eo instanti that it determines.

"A contingent remainder is where the estate in remainder is limited either to a dubious and uncertain person, or upon the happening of a dubious and uncertain event."

The definition found in the District of Columbia Code is couched in different phraseology, but a close analysis will indicate that it reaches substantially the same result. D.C.Code 1940, § 45—812, which deals with this matter, reads as follows: "A future estate is vested when there is a person in being who would have an immediate right to the possession of the land upon the expiration of the intermediate or precedent estate, or upon the arrival of a certain period or event when it is to commence in possession. It is contingent when the person to whom or the event upon which it is limited to take effect in possession or become a vested estate is uncertain."

In McArthur v. Scott, 113 U.S. 340, 344, 377 et seq., 5 S.Ct. 652, 28 L.Ed. 1015, the testator created a life estate for the benefit of his children, remainder to the grandchildren per capita, but if any grandchild shall have died before the final division, leaving a child or children, such child or children were to receive their parent's share per stirpes. The Court called attention to the fact that sound policy and practical convenience required that titles should be vested at the earliest period. It reached the conclusion that each grandchild took a vested remainder subject to open and let in after-born grandchildren. The only effect of the gift over to the children of a deceased grandchild was not to define the nature of the gift to the grandchildren, but merely to divest the share of any grandchild who died leaving issue.

In O'Neill v. District of Columbia, 77 U.S.App.D.C. 79, 132 F.2d 601, the court construed a will that created a life estate for the benefit of the testator's widow. On her death the property was to pass to the testator's two daughters, share and share alike, or the survivor, unless the deceased daughter left issue surviving, in which event the surviving issue were to take their mother's share. The court held that each of the daughters took a vested remainder.

In Pyne v. Pyne, 81 U.S.App.D.C. 11, 154 F.2d 297, this subject was considered at length. In that case the testatrix devised her property to one of her daughters for life, and upon her death to her three other children and the issue of the deceased daughter, if any. If the daughter died without issue, then her share was to pass to the other three children, share and share alike. In case any of the other children died leaving a descendant or descendants, the descendant or descendants were to take their parent's share. After thorough consideration, the court reached the conclusion that each of the three children took a vested remainder, subject only to being divested in case of death leaving a descendant prior to the death of the life tenant.

In American Security & Trust Co. v. Sullivan, D.C., 72 F.Supp. 925, there was a trust for the benefit of the testator's stepdaughter for life. Upon the death of the stepdaughter, the corpus was to be distributed in equal shares to the testator's nephews and nieces, the child or children of any deceased nephew or niece taking the parent's share. Judge Curran, in a scholarly and lucid opinion, after exhaustively reviewing the authorities, reached the conclusion that each nephew and niece who survived the testator received a vested remainder upon the testator's death; that the interest of any nephew or niece who died leaving issue during the stepdaughter's life, became divested; and that there was no divesture in case of death without issue.

In Central Dispensary and Emergency Hospital v. Saunders, App.D.C., 165 F.2d 626, there was a devise and bequest to the testator's wife, Julia, until their son, Fenton, should arrive at the age of 25 years,

and then to the son. In case the son should die without leaving lawful issue, the whole of the estate after the wife's death was to pass and descend to the testator's heirs at law. The son, Fenton, died after his father's death, but during his mother's lifetime. He left no issue. The court held that his remainder was divested by virtue of this circumstance. It will be observed that the situation presented in that case was the converse of that encountered in Pyne v. Pyne, supra, and American Security & Trust Co. v. Sullivan, supra. In Central Dispensary and Emergency Hospital v. Saunders, supra, the contingency, i.e., death without issue, on which the remainder was to become divested, actually occurred. In Pyne v. Pyne, the contingency, i.e., death leaving a descendant, did not arise and the remainder was not divested. A parallel situation was confronted in the Sullivan case.

Similar results have been reached in other jurisdictions. Thus, in Gibbens v. Gibbens, 140 Mass. 102, at page 103, 3 N.E. 1, 2, 54 Am.Rep. 453, the will contained the following provision:

"At the decease of my wife, all my estate, real and personal, shall go to and be equally divided among my children; the issue of a deceased child standing in the place of the parent."

The court reached the conclusion that each child took a vested remainder. It was argued that because of the clause—"the issue of a deceased child standing in the place of the parent"— the interests of the children constituted contingent rather than vested remainders. This contention was overruled. Among the authorities that the court cited were the decisions of the Supreme Court of the United States in Doe v. Considine, and McArthur v. Scott, supra.

In Re Weir's Estate, 307 Pa. 461, 161 A. 730, 731, the testator created a trust fund for the benefit of his wife for life and at her death, to his two daughters "or their living children". The court held that each of the daughters took a vested remainder, liable to be divested only if she died leaving children. One of the daughters died childless during the life of her mother. It was held that her interest had not become divested, but passed to her executor upon her mother's death.

Without prolonging this discussion to an unreasonable length, it may be added that numerous other cases have placed a similar construction on provisions of this type. Among them are Hauptman v. Carpenter, 16 App.D.C. 524; Fields v. Gwynn, 19 App.D.C. 99; and Young v. Munsey Trust Co., 72 App.D.C. 73, 111 F.2d 514.

There is nothing to the contrary of the foregoing views in Howard v. American Security & Trust Co., App.D.C., 171 F.2d 22. There the testator provided that at the death of his wife, the remainder of his estate should be divided among the children "then alive" of his deceased brother. The court inferred that it was the testator's intent that the participating beneficiaries should be those persons to whom the description in the will applied as of the date of the death of the life tenant. This ruling was based in large part on the peculiar phraseology of the will. The words "then alive" indicated that the testator decided that only those children were to share in the distribution who would be living when it took place. This provision is entirely different from those encountered in the authorities that have been reviewed and from that confronted in the instant case.

■ Reverting to the pertinent provision of the will of Alice Garnett, the remainder was given to the grandchildren of the deceased, or their descendants that shall then be living. The word "descendants" means lineal issue or lineal heirs in the direct descending line, Strout v. Strout, 117 Me. 357, 361, 104 A. 577; Baker v. Baker, 8 Gray Mass., 101, 118 et seq.; In re Dudley's Will, 168 Misc. 695, 6 N.Y.S.2d 489. This clause is very similar to those construed in the decisions that have been discussed. These authorities inescapably lead to the conclusion that the grandchildren of the testatrix were to receive a vested remainder subject to being divested on only one contingency, namely, in case of death leaving descendants, during the existence of the life estate. If a grandchild died without leaving descendants, no divestiture took place. The class was, of course, sub-

ject to open up and let in after-born grand-children. Aubrey Boykin was, however, the only grandchild of the testatrix living at her death. None was born thereafter. The entire remainder interest was, therefore, vested in him. He died before the termination of the life estate, leaving no issue and, therefore, no descendants. Consequently, the contingency on which the remainder was subject to be divested did not arise. As Aubrey Boykin left no will, his vested interest passed to his heirs. Aubrey Boykin left no descendant, brothers or sisters surviving him. His father had also pre-deceased him. Consequently, his mother, Rita Boykin, became his sole heir, D.C.Code 1901, §§ 948 and 950. As Rita Boykin left a will, the property passed to the devisees named in the residuary clause of her will. See Weir's Estate, 307 Pa. 461, 161 A. 730.

It has been argued that since the testatrix devised to Rita Boykin only a life estate, it would defeat the testamentary plan to permit her to take the remainder in fee simple as well, even though it devolves on her by inheritance from her own son. At first blush there appears to be an element of plausibility in this contention. It overlooks, however, some very weighty circumstances. The will was carefully and skillfully drawn. The testatrix must have been aware of the possible consequences of her testamentary disposition. Likewise, she naturally was familiar with the family situation: that Aubrey was her only grandchild; that because of the age of her children, it was unlikely that any additional grandchildren would be born; that Aubrey was a moron and was not likely to marry and have progeny; and that consequently his mother would probably be his heir, if he predeceased her. She must have had the possible eventualities in contemplation. With a knowledge of all these facts, she made the testamentary disposition here under consideration. To frustrate it by a strained construction would be unwarranted.

Accordingly, the court concludes that the real property involved in the clause of the will here in controversy has passed to the devisees named in the residuary clause of the will of Rita Boykin.

Counsel will submit proposed findings of fact and conclusions of law and proposed form of judgment in accordance with the foregoing opinion.