## PHILLIPS v. BEHRENS et al.
### Civ. A. No. 454–47.

United States District Court
District of Columbia.

Dec. 10, 1948.

John H. Burnett, of Washington, D. C., for plaintiff.

John E. Powell, of Washington, D. C., for Amelia Mosher.

R. C. Handwerk of Washington, D. C., guardian ad litem.

J. W. Kiernan, of Washington, D. C., for Charles C. Behrens.

John D. Sadler, of Washington, D. C., for Joseph A. Landolphi.

HOLTZOFF, District Judge.

This is an action for the construction of the will of Louis Behrens, which was admitted to probate in 1921. Margaret G. Behrens, the life tenant named in the will died on September 12, 1946. The problem presented for solution in this proceeding relates to the distribution of the corpus in fee simple. The specific question is whether certain future interests created by the will are vested or contingent remainders.

The will of Louis Behrens created a life estate for the benefit of the testator's daughter, Margaret G. Behrens. The following provision follows: "* * * and after the death of my said daughter, the said trustees are *authorized* and directed *to turn over and deliver* [1] the said residue and remainder of said proceeds arising from the sale or sales of my said estate, both real and personal, to my said four children, Anita E. Phillips, Bertha Judge, William A. Behrens and Charles C. Behrens, in equal parts, share and share alike, their heirs or assigns unto them absolutely and in fee simple. * * * And in case any of my said children, excepting my said daughter, Margaret G. Behrens, should die before the actual division or distribution of the residue of my estate, then and in such event the child or children of such deceased child or children shall stand in place of his or her parent and take his or her share in such division or distribution."

---

[1] Emphasis supplied.

348

As stated above, the life tenant died on September 12, 1946. One of her brothers, Charles C. Behrens, survived her. Another brother, William A. Behrens, died without issue while the life tenant was alive. Two sisters, Bertha Judge and Anita Phillips, died leaving issue during the existence of the life estate. It is necessary to determine what disposition is to be made of the interest devised and bequeathed to William A. Behrens. The answer to this question, in turn, depends on whether he received a vested or a contingent remainder.

█ It is well established that if a person creates a life estate with a remainder to his children or grandchildren and with the additional provision that if any of the children or grandchildren, as the case may be, should die during the existence of the life estate leaving issue, such issue shall take their parent's share, each of the children or grandchildren receives a vested remainder. It is subject to open and let in after-born members of the class and subject to be divested on the one contingency named in the will, namely, death leaving issue during the existence of the life estate, Doe v. Considine, 6 Wall. 458, 18 L.Ed. 869; McArthur -v. Scott, 113 U.S. 340, 5 S.Ct. 652, 28 L.Ed. 1015; Hauptman v. Carpenter, 16 App.D.C. 524; Fields v. Gwynn, 19 App.D.C. 99; Young v. Munsey Trust Co., 72 App.D.C., 73, 111 F.2d 514; O'Neill v. District of Columbia, 77 App.D.C. 79, 132 F.2d 601; Pyne v. Pyne, 81 App.D.C. 11, 154 F.2d 297; Central Dispensary and Emergency Hospital v. Saunders, D.C.Cir., 165 F.2d 626; American Security & Trust Co. v. Sullivan, D. C., 72 F.Supp. 925; Gibbens v. Gibbens 140 Mass. 102, 3 N.E. 1, 54 Am.Rep. 453; Weir's Estate, 307 Pa. 461, 161 A. 730.

I had occasion to review this matter in detail in American Security & Trust Co. v. Garnett, 81 F.Supp. 21.

This case, however, presents an additional question. The clause of the will that creates the remainders is not couched in the phrasology of a present devise or bequest but is a direction to the trustees to turn over and deliver the property to the remaindermen upon the termination of the life estate. It is urged that this circumstance transforms what otherwise might be a vested remainder subject to being divested into a contingent remainder.

It is true that this contention is supported by New York decisions. The New York rule is best stated in the case of In the Matter of Crane, 164 N.Y. 71, 76, 80, 58 N.E. 47, 48, as follows:

"Where the only words of gift are found in the direction to divide or pay at a future time, the gift is future, not immediate; contingent, and not vested.

\* \* \* \* \* \*

"Without pursuing this subject further, I state the conclusion at which we have arrived: That aside from the direction to the executors or trustees to divide and distribute the estate, there are no words importing a gift, and hence it becomes our duty to give force and effect to the rule that, where the only gift is found in a direction to divide or pay at a future time, the gift is future, not immediate; contingent, and not vested."

Paget v. Melcher, 156 N.Y. 399, 405, 51 N.E. 24, holds to the same effect. The same doctrine has been approved and followed in Massachusetts, Crapo v. Price, 190 Mass. 317, 322, 323, 76 N.E. 1043, and in Pennsylvania, Rosengarten v. Ashton, 228 Pa. 389, 394, 77 A. 562.

The so-called New York rule is obviously somewhat artificial, because it employs as a test, not the nature of the testamentary scheme, but the precise phraseology in which the testator chose to express his wishes. This doctrine has never been adopted in the District of Columbia, insofar as research discloses. On the contrary, both the Court of Appeals for the District of Columbia, and the Supreme Court of the United States in disposing of cases originating in the District of Columbia have, in effect, reached the conclusion that it is immaterial whether the devise or bequest is couched in the words of a present gift to come into possession and enjoyment at a future date, or whether it is expressed in the form of a direction to deliver or pay at a future time. Irrespective of the form of expression, future interests of the type here involved are

deemed vested, subject of course, to being divested if the contingency on which a gift over is to take effect actually occurs.

The leading case on this point is Cropley v. Cooper, 19 Wall. 167, 174-175, 22 L.Ed. 109, where the applicable principles were summarized as follows:

"A bequest in the form of a direction to pay at a future period vests in interest immediately if the payment be postponed for the convenience of the estate or to let in some other interest.

\* \* \* \* \* . \*

"A devise of lands to be sold after the termination of a life estate given by the will, the proceeds to be distributed thereafter to certain persons, is a bequest to those persons and vests at the death of the testator."

In Johnson v. Washington Loan & Trust Co., 33 App.D.C. 242, there was a devise of the testator's homestead to the testator's daughters, and to the survivor and survivors of them, so long as they should remain single and unmarried. The will then contained the following provision: " \* \* on the death or marriage of the last of them then I direct that the said estate shall be sold by my executors and the proceeds thereof be distributed by my said executors among my daughters living at my death and their children and descendants (per stirpes) \* \* \*." The Court of Appeals held that each of the daughters who were living at the testator's death took a vested interest in the homestead to come into possession and enjoyment upon the termination of the life estate of the wife and upon the death of the last surviving daughter unmarried. Chief Justice Shepard made the following observations, 33 App.D.C. at p. 256: "We do not find in the words of the testator such a clear and certain expression of his intention as to enable us to determine between the several contentions of the parties, before stated, without the aid of certain established rules of construction applicable in case of uncertainty. These are: 1. The law will not construe a remainder to be contingent when it can be taken to be vested. 2. Estates shall be held to vest at the earliest possible period, unless there is a clear manifestation of the intention of the testator to the con-

trary. 3. Adverts of time, as 'where', 'there', 'after', 'from', etc., in a devise of a remainder, are construed to relate merely to the time of the enjoyment of the estate, and not the time of vesting in interest."

The decree of the Court of Appeals was affirmed by the Supreme Court, 224 U.S. 224, 238, 32 S.Ct. 421, 423, 56 L.Ed. 741. In an opinion written by Mr. Justice Hughes, it is expressly stated that the daughters "had a vested remainder in fee". He added the following comments, 224 U.S. at p. 238, 32 S.Ct. at page 423: "The fact that the property was directed to be sold, and that they were described as distributees of the proceeds, did not postpone the vesting of the interest."

The same principles have been applied in Maryland, Cox v. Handy, 78 Md. 108, 27 A. 227, 501. In that case the testator created a life estate and directed that after the death of his wife, the property devised to her "shall be sold if necessary for equal partition, or, if the same can be accomplished without a sale, shall be divided amongst my children, share and share alike, the child or children of any deceased child to take the portion to which the parent, if living, would have been entitled." The court reached the conclusion that each of the testator's children living at his death took a vested remainder.

That the gift is couched as a direction to the trustee to turn over and deliver the property to the children, instead of being expressed as a devise and bequest to the children, is immaterial. It does not affect the conclusion that each of the children received a vested remainder. The rule that if the only words of gift are found in a direction to divide or pay at a future time, the interest is contingent and not vested, does not prevail in the District of Columbia.

The conclusion necessarily follows that William A. Behrens received a vested remainder. As he died without issue during the existence of the life estate, the remainder was not divested, since it could be divested only on the contingency of his death leaving issue while the life tenant was alive. As William A. Behrens died intestate, his interest passed to his widow and his next of kin.

350

Judgment in accordance with the foregoing opinion. Counsel will please submit proposed findings of fact and conclusions of law, and a proposed form of judgment.