## Flinn Estate

*Griggs, Moreland, Blair & Douglass*, for petitioner.
*Moorhead & Knox* and *John M. Feeney, Jr.*, contra.

RAHAUSER, J., October 5, 1954.—This matter came before the court en banc on a petiton of Mary Louise Flinn Stringer, residuary legatee under the will of the late William Flinn, for review of a decree of distribution entered April 30, 1953. The petition was filed July 1, 1953, upon which a citation was issued return-

able August 12, 1953. The distributees filed answers and the case was placed on the argument list September 29, 1953. An order of the court en banc dated December 3, 1953, dismissed the petition for review. This opinion is filed in support of that order.

Petitioner alleges that William Flinn died February 19, 1924; that his will was duly probated in the register of wills' office of Allegheny County; that testator appointed in his will his two sons as executors, together with the Colonial Trust Company and the Fidelity Trust Company, trustee of the trust created thereby; that at the time of the probate of the will there were living four sons, George H. Flinn, A. Rex Flinn, William A. Flinn and Ralph E. Flinn, and his two daughters, Edith Flinn Patterson and Mary Flinn Lawrence. All were sui juris. The petition further alleges that George Flinn died testate March 29, 1929, survived by his widow and three children; A. Rex Flinn died May 29, 1950, survived by his daughter, Mary Louise Flinn Stringer, petitioner. The record shows that Ralph E. Flinn died testate August 3, 1949, without issue but survived by his widow, Jessie G. Flinn, who died January 28, 1953. William A. Flinn, Edith Flinn Patterson and Mary Flinn Lawrence presently survive.

Seven decrees of distribution in this estate have been entered. By virtue of these decrees 11¼ percent of the residue of testator's estate was distributed in accordance with the provisions of section (e), par. 6, of item IV of testator's will, to the Fidelity Trust Company, trustee for Ralph E. Flinn. The decree of April 30, 1953, distributes that portion of the above estate held in trust for payment of the $4,000 a year to the widow of Ralph E. Flinn.

That provision of testator's will provides as follows:

"(e) To pay to my son, Ralph E. Flinn, during his lifetime the income on eleven and one-fourth per cen-

tum (11¼%) of the said residue of my estate, to be paid him quarterly. After his death his wife shall receive out of said income the yearly sum of Four Thousand Dollars ($4,000.00), payable quarterly during her lifetime, or until she remarries. The balance of said income shall be paid to his children share and share alike. At the death of his wife, or in case she remarries, thereafter the whole of said income shall be paid to his children, share and share alike, until the youngest child shall have reached the age of twenty-one years when the principal of said estate shall be divided among his children share and share alike; children of any of his deceased children shall take the shares of their respective parent equally. In case my said son shall die without issue, the principal of said eleven and one-fourth per centum (11¼%) of the residue of my estate, subject to the yearly payment to my son's wife during her lifetime, or until she remarries, shall go to his brothers and sisters in equal shares; the children of any deceased brother or sister taking in equal shares the interest of their respective parent."

When Ralph Flinn died, A. Rex Flinn became vested with a one-fifth interest in the trust aforementioned and when A. Rex Flinn died, his only heir, petitioner, succeeded to his interest.

Petitioner claims that the said one-fifth interest in the corpus of the Ralph E. Flinn trust should have been decreed directly to her instead of the Colonial Trust Company and Henry L. Stringer, Jr., surviving executors of the estate of A. Rex Flinn.

As previously stated, Ralph E. Flinn died August 3, 1949, his widow, Jessie G. Flinn, died January 28, 1953, and his brother, A. Rex Flinn, died May 29, 1950.

If one-fifth of the interest of Ralph E. Flinn in the residue of his father's estate vested in A. Rex Flinn immediately upon Ralph's death, then the decree was proper. If, however, the interest did not vest until after

the death of Jessie G. Flinn, the widow of Ralph E. Flinn, then there is a question as to the propriety of the decree. Petitioner contends:

1. That testator (William Flinn) gave Jessie Flinn, Ralph's wife, a life estate to succeed Ralph's life estate and, therefore, did not intend any distribution until Jessie's life estate terminated, and, in order to keep the fund in his direct descendants, testator intended that the identity of the ultimate remaindermen should not be determined until the time of distribution. Thus, since A Rex Flinn died prior to Jessie, his interest when he died was still contingent on his surviving her.

2. The Act of June 29, 1923, P. L. 914, codifies this result and provides that the interest of the ultimate remaindermen shall remain contingent until the time of distribution.

The court is of the opinion that these contentions are not tenable; that when Ralph Flinn died without issue there no longer existed any possibility of the estate vesting in any other person than A. Rex Flinn. He acquired a vested interest at that time. The law leans to vested estates and the presumption is that a legacy was intended to be vested. The court said in Newlin Estate, 367 Pa. 527, 534:

"Moreover, if it is not clear from the language of the will whether the remainder is vested or contingent, then as Mr. Justice Linn said in Weir's Estate, 307 Pa. 461, 468, 469, 161 A. 730, 'it is necessary to keep in mind the rule "that an interest is to be construed contingent only when it is impossible to construe it as vested": Rau's Est., 254 Pa. 464, 98 Atl. 1068; that the intention to create a contingent interest "should appear plainly, manifestly and indisputably:" McCauley's Est. 257 Pa. 377, 101 Atl. 827. . . . In Marshall's Est., supra, it is said: "The law leans to vested rather than to contingent estates, and the presumption

is that a legacy is vested: Carstensen's Est., 196 Pa. 325 (46 Atl. 495) ; Tatham's Est., 250 Pa. 269 (95 Atl. 520) ; Neel's Est. 252 Pa. 394 (97 Atl. 502) ; Rau's Est. (supra), and 'the presumption that a legacy was intended to be vested, applies, with far greater force, where a testator is making provision for a child or a grandchild, than where the gift is to a stranger or to a collateral relative'; Wengerd's Est., 143 Pa. 615 (22 Atl. 869)".' See to the same effect: Groninger's Estate, 268 Pa. 184, 189, 110 A. 465."

In Buckley's Administrators v. Reed, 15 Pa. 83 (1850), the facts were very similar to this case. A certain amount of the estate was to be invested for testator's wife and the balance distributed to his children. Upon the wife's death the sum she had for life was given to the children in remainder. On the question of when the children became vested of this latter sum, the court said at page 85:

". . . But it is obvious that, in this respect, the testator intended, by the subsequent direction, to establish no distinction between the sums distributable before the decease of his widow and that to be enjoyed after her death. His evident object was to give all he possessed to the same persons; but, from necessity, different periods were designated as the times of actual enjoyment, in the event of his widow surviving the moment when the eldest child should attain his majority. . . ."

This court is of the opinion that A. Rex Flinn, at the time of his death, possessed an indefeasible interest in one-fifth of the trust established in item IV, par. 6(e), of the will wherein Ralph Flinn was the life tenant.

Petitioner's second contention, that the Act of June 29, 1923, P. L. 914, renders this interest contingent until after the death of Jessie G. Flinn, is not tenable. The Act of June 29, 1923, P. L. 914, provides:

"That hereafter when, in and by the provisions of any deed or will or other instrument in writing, property, either real or personal, or both, shall be donated, granted, devised, or bequeathed, either directly or in trust, for the use and benefit of any person, charity, or other use, for years or for life or upon condition, and which shall provide therein that, upon the termination of the estate for years or for life or upon breach of condition or other cause, the remainder over shall vest in the donor's or testator's heirs or next of kin or the persons thereunto entitled under the intestate laws, or other similar or equivalent phrase, the same shall be construed as meaning the person or persons thereunto entitled at the time of the termination of the estate for years or for life or upon condition under the intestate laws of the Commonwealth as they shall exist at the time of such termination; and such phrases shall not be construed as meaning the person or persons who were the heirs or next of kin of the donor at the time the grant or donation was made or at the time the testator died: . . ."

This court is of the opinion that this statute has no application to the matter before the court.

The language of item IV, par. 6(e), of the will created no life estate in Jessie G. Flinn. There was a direction to pay $4,000 annually out of the income from the trust to Jessie G. Flinn during her lifetime or until she remarries. Jessie G. Flinn's rights were in the nature of an equitable charge. A. L. I. Restatement of the Law of Trusts, §10, in discussing an equitable charge, gives an example of the case before the court.

It is for these reasons that we believe the court properly entered a decree dismissing the petition for review of the decree of the auditing judge dated April 30, 1953.