Roslyn K. **BERGER**, Executrix of the Estate of Jules Berger, Deceased

v.

**UNITED STATES** of America.
Civ. A. No. 34945.

United States District Court
E. D. Pennsylvania.
May 13, 1968.

---

Samuel E. Dennis, Philadelphia, Pa., for plaintiff.

Mark S. Rothman, Dept. of Justice, Washington, D. C., for defendant.

## OPINION AND ORDER

JOHN W. LORD, JR., District Judge.

This is a civil suit for refund of a portion of the Federal Estate Tax in the amount of $5,680.37 including interest paid (under protest) on behalf of the estate of Jules Berger by the plaintiff. The facts as stipulated to by the parties are as follows:

Jules Berger died testate on November 15, 1958, a resident of Philadelphia, Pennsylvania. He was survived by his wife Roslyn and a minor daughter, Frances. Decedent's will named his wife as the executrix and also as one of the three trustees of a trust which was established by the will. The decedent was, at the time of his death, the majority shareholder and President of the John Rhoads Company (a closed corporation), owning 55 out of the 100 shares. The decedent had never received any dividends from his Rhoads stock since no dividends had ever been paid on the stock during the time he was a shareholder.

Decedent directed in his will that his stock in the John Rhoads Company be placed in trust for his wife and daughter and that the residue of the estate be left to his wife. The trustees were directed to endeavor to sell the stock and were then directed (after paying certain specific bequests from the proceeds) to hold the balance of the funds in trust for the benefit of the wife and daughter. The relevant portion of the will provides:

FOURTH: The trustees shall use the Trust for the following purposes and in the following manner:

A. The Trustees are hereby directed to endeavor to sell the aforesaid John Rhoads Company, Inc. as a going business, at such price or prices as they shall deem equitable, * * *.

\* \* \* \* \* \*

B. The balance of said funds from the sale or liquidation of the stock of the John Rhoads Company, Inc. and any other funds, interests or assets that shall become part of my Trust Estate shall be invested and reinvested by my said Trustees and they shall pay over and distribute the net income and principal of the said Trust Estate to my wife, ROSLYN, and my daughter, FRANCES, share and share alike, *if living at the time the Trustees receive said funds from the liquidation or sale of said stock.* (Emphasis added).

The stock was sold and the proceeds administered by the Trustees for the benefit of the wife and daughter.

 The issue is whether the disposition of the decedent's John Rhoads stock insofar as the same was left for the benefit of the widow qualified for the marital deduction allowed under the Internal Revenue Code for Federal Estate Tax purposes. The Government disallowed the marital deduction contending that the words "if living at the time the Trustees receive said funds from the liquidation or sale of said stock", as appears above, created only a *contingent interest* in the wife in the trust which did not qualify for marital deduction treatment. Section 2056(b) (1) provides:

Where, on the lapse of time, on the occurrence of an event or contingency,

or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed * * *.

If however, her interest *vested* at the time of decedent's death, the marital deduction was properly taken.

This Court finds that this indeed was the case; the wife's interest did vest at the time of decedent's death. Thus the marital deduction was properly taken and the defendant is liable for the refund. This opinion is based upon the well-established principle of Pennsylvania law that an interest is to be construed contingent only when it is *impossible* to construe it as vested. Weir's Estate, 307 Pa. 461, 161 A. 730 (1932).

■ A ruling by this Court that the wife's interest in the trust as beneficiary was contingent would necessitate an assumption that the testator intended to lodge with the trustees an absolute power to defeat his bequest to his widow by merely refusing to sell the Rhoads stock until after her death. It would be straining reality to so assume that the decedent intended his wife to be deprived of a seemingly large part of her inheritance in this way. Furthermore, it is important to note that there is no "gift over" or alternative disposition of the funds of the sale of the stock in the event of the wife's death here.[1] It would appear that decedent intended his wife to benefit from the stock whether or not it was sold.

The Pennsylvania Supreme Court case of Wengerd's Estate, 143 Pa. 615, 22 A. 869, 13 L.R.A. 360 (1891) is very persuasive in the case at bar. Wengerd's Estate adopted for Pennsylvania the common law rule set forth in Hutchin v. Mannington, 1 Ves.Jr. 366, whereby Lord THURLOW held that an asset is to be considered sold the moment the testator is dead for purposes of vesting. Rather than deal with the uncertainties of when a fiduciary would sell, Lord THURLOW would always in the case of a trust consider "that is always . . . here as done which is ordered to be done." This rule has been reaffirmed as recently as 1965 in the case of Shultz Estate, 38 Pa.Dist. & Co.R.2d 321 (1965).

■ Assuming, without conceding, that the trust language did only create a contingent interest in the wife, she would still get the stock under the residuary clause of the will.[2] It is agreed by both sides that the residue qualifies for the marital deduction under section 2056 (b) (3) of the Internal Revenue Code. Pennsylvania law provides that a devise or bequest that fails or is undisposed of falls into the residuary devise or bequest. 20 P.S. § 180.14. In paragraph THIRD of the will, testator leaves the residue to his wife provided she not die within six (6) months from the date of his death. This condition does not *disqualify* property passing pursuant thereto from the marital deduction under section 2056(b) (3) of the Internal Revenue Code which provides that an interest is not considered terminable if conditioned on a survival not to exceed six months and such termination or failure does not in fact occur. In the instant case, the condition (death) does not exceed six months and the death of the wife did not in fact occur. Thus even if she did not get the stock under the trust provisions of paragraph FOURTH, she would inherit it under the residuary clause. And, as stated above, here the residue, including the stock, would qualify for the marital deduction.

For all the reasons stated above, plaintiff is entitled to the refund stipulated to by the parties plus interest.

---

1. The language in FOURTH B that the distribution be to "my wife * * * and my daughter * * * share and share alike, if living. * * *" does not under Pennsylvania law constitute a gift over to the daughter if the wife dies.

Such an intention must be expressed clearly and unequivocally. Brown's Estate, 343 Pa. 19, 21 A.2d 898 (1941).

2. See note 1 supra, and text accompanying.

And now, to wit, this 13th day of May, A.D. 1968, it is ordered that judgment be entered for plaintiff as against defendant in the sum of $5,680.37 plus interest as provided by law.

And it is so ordered.